UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-101610REK

ROBERT J. ZAMMITO, JR., )
PAUL M. ZAMMITO, )
CHRISTOPHER ZAMMITO and )
VALARIE A. MORDINI, )
    Plaintiffs and Counterclaim Defendants, )
)
    v. )
)
HARRY W. HEALEY, JR., GRANTOR TRUST )
and PETER W. HEALEY, as Trustee of )
HARRY W. HEALEY, JR., GRANTOR TRUST, )
    Defendants and Counterclaim Plaintiffs )
)
HARRY W. HEALEY, JR., individually, as )
Trustee of THE HUNTINGTON FORBES )
CHARITABLE REMAINDER TRUST, )
)
HUNTINGTON FORBES, LTD., )
STANTON CUMMINGS, LTD., )
PETER W. HEALEY, as Trustee of )
THE HEALEY GRANDCHILDRENS'S TRUST – II, )
    Third Party Plaintiffs, )
)
    v. )
)
ROBERT J. ZAMMITO, SR., )
VALERIE L. ZAMMITO, )
ASA HOLDING COMPANY, INC., and )
THE ASA HOLDINGS LP, )
    Third Party Defendants, )
)
MELLON BANK (aka Mellon Trust of New England), )
    Bank Trustee )

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFFS/COUNTERCLAIM DEFENDANTS TO DISMISS THE CIVIL RICO CLAIMS UNDER RULE 12(b)(6)

The Plaintiffs/Counterclaim Defendants, Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito and Valarie A. Mordini ("Plaintiffs") and Third Party

Defendants Robert J. Zammito, Sr., Valerie L. Zammito, ASA Holdings, Inc., ASA Holdings LP seek dismissal of the civil RICO claims alleged against them. As set forth in greater detail below, the Zammitos state that the RICO claims expired four years after the first injury allegedly suffered by the Counterclaim/Third Party Plaintiffs in 1997. Thus the RICO allegations are time barred and should be dismissed.

## PROCEDURAL HISTORY

On or about December 24, 2003, the Plaintiffs commenced an action in the Business Litigation Session of the Suffolk Superior Court (the "Litigation"). In the Litigation, the Plaintiffs sought to recover in excess of $225,000 owed under Promissory Notes (the "Notes") executed and delivered by the Defendants. In response to the Plaintiffs' Complaint, the Defendants filed a counterclaim, as well as a third party complaint,[1] alleging various fraud and civil RICO claims against the Plaintiffs and others. In addition, the Defendants removed the Litigation to the federal court.

## ARGUMENT AND AUTHORITIES

The Racketeer Influenced and Corrupt Organizations Act [RICO] as codified in Sections 1961-1968 of Title 18 of the United States Code does not provide a statute of limitations. The United States Supreme Court, however, has instituted a four (4) year statute of limitations for RICO claims. Agency Holding Corp. v. Malley-Duff and Associates, Inc., 483 U.S. 143, 156 (1987). The First Circuit has adopted, and the Supreme Court has ratified, that the RICO four (4) year statute begins to run when a plaintiff discovered, or should have discovered, his injury. Rotella v. Wood, 528 U.S.

---

[1] These two pleadings are combined in one behemothic pleading with nearly fifty counts and nearly four hundred numbered paragraphs. For simplicity's sake, the combined Counterclaim and Third Party Complaint shall be hereinafter referred to as the "Pleading." Moreover, the Zammitos and related entities shall be referred to as "the Zammito entities" while the Counterclaim and Third Party Plaintiffs shall be referred to as "Healey."

2

549 (2000); Rodriguez v. Banco Central, 917 F.2d, 664, 665 (1st Cir. 1990). More importantly, the RICO claim accrues when the plaintiff discovers his or her injury, *even if he or she has not yet discovered the pattern of racketeering.* Hodas v. Sherburne, Powers & Needham, P.C., 938 F. Supp. 60, 63 (D. Mass. 1996)(emphasis added). Third

The Pleading paints a broad brush picture of wild allegations that the Zammito entities engaged in a variety of nefarious activities to the detriment of Healey and other minority shareholders.[2] The Zammitos supposed racketeering activity has allegedly caused Healey to suffer "substantial injury and loss." *See Pleading at ¶ 143.*

In Count XLVI of the Pleading, Healey quantifies the amount of "substantial injury and loss" he has purported to suffer at $3,369,641. *See Pleading at ¶ 378.* Healey also catalogues his alleged damages in this final count of the Pleading. *See Pleading at ¶ 377.* The first amount of substantial injury and loss Healey claims to suffer occurs when he supposedly did not receive $212,000 from "the Ambulance Systems of America, Inc. and AmNet, Inc. Merger." *Id.*

Looking back nearly three hundred fifty paragraphs of the Pleading, Healey alleges that on January 11, 1995;

> In order to deal with the money due to HF-Ltd as a consequence of the cash "boot" payment,[3] [the Zammito entitites] proposed and Healey agreed to defer payment of $212,000 (two hundred twelve thousand dollars) to [Healey] until a reasonable time after a completion of the merger between ASA-Inc and AmNet-Inc

*See Pleading at ¶ 38.*

Later in the Pleading, Healey alleges:

---

[2] Healey alleges that the Zammitos have "improperly siphoned funds and other corporate assets," paid "salaries to [the Zammitos] who do not work at companies]" and paid "personal expenses for [the Zammitos]" using corporate funds. *See e.g. Pleading at ¶ 137 and 141.*

[3] The "boot" payment Healey references was an approximately $10 million payment the Zammito entities received as part of the ASA, Inc. and AmNet, Inc. merger. Healey's claim to a portion of this "boot" payment when he contributed nothing to the merger is ludicrous.

3

> During the AMR-Inc acquisition negotiations, [the Zammito entities] requested and Healey agreed to continue to defer payment of the remaining percentage of the AmNet-Inc "boot" payment due to Healey until the release of a portion of the escrow funds two years after the closing date.

*See Pleading at ¶ 38.*

As the AMR-ASA acquisition closed on our about October 1995, the $212,000 Healey claims he is owed was due to be paid to him in 1997.

Under the "discovery of the injury, but not the scheme" doctrine espoused by the First Circuit, Healey had four years from the first injury he claims to have suffered to discover the remaining elements of his RICO claim and file suit. Healey has alleged the first "injury" Healey suffered as a result of the Zammitos entities' supposed racketeering scheme was the Zammitos failure to make a $212,000 payment to Healey in 1997. Thus Healey had until 2001 to file his RICO claim. Instead, Healey waited,[4] collected his exorbitant consulting fee from the Zammitos and only brought these frivolous claims when the Zammitos sought to collect the promissory notes that Healey willing executed in return for his interests in the Zammito entities. As such, the RICO claims against the Zammitos are untimely and must be dismissed.

---

[4] Healey will argue that all of the alleged RICO racketeering activity by the Zammito entities was fraudulently concealed until September 2001. There is a tremendous difference, however, between concealment on the part of the Zammitos and Healey's apparent lack of interest in discovering why he was not receiving these commissions. To invoke the doctrine of fraudulent concealment, a plaintiff must prove three (3) elements. (1) wrongful concealment of their actions by the defendant; (2) failure of the plaintiff to discover operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiffs due diligence in discovery of the facts. Berkson v. Del Monte Corp., 743, F.2d 53, 55 (1st Cir. 1984). Moreover, a plaintiff must have concealed so much that the defendant can not reasonably of discovered a cause of action through his own diligent inquiry. Hodas, 938 F. Supp. at 64-65. (Even if defendant put plaintiff "off the trail" it does not counter real evidence that the plaintiff "knew something was amiss" well beyond the actual discovery of his injury). The Zammito entities never lied to Healey and Healey took no action to discover why he was not receiving the commissions he claims he earned. He should not be allowed to "sit on his hands" and then blame his untimely claims on fraudulent concealment.

4

## CONCLUSION

For the foregoing reasons, the Plaintiffs request that the RICO claims against the Zammitos set forth in the Pleading must be dismissed as untimely and in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## REQUEST FOR ORAL ARGUMENT

The Plaintiffs hereby request an oral argument for this motion

> Respectfully submitted,
> ROBERT J. ZAMMITO, JR.,
> PAUL M. ZAMMITO,
> CHRISTOPHER ZAMMITO AND
> VALARIE M. MORDINI, ROBERT J.
> ZAMMITO, SR., VALERIE L. ZAMMITO,
> ASA HOLDINGS, INC. and ASA
> HOLDINGS LP
> By their attorneys,
>
> _____
> Kevin M. Considine (BBO #542253)
> Timothy M. Mitchelson (BBO #630331)
> Kevin M. Considine, P.C.
> One Boston Place – 28th Floor
> Boston, MA 02108
> 617-723-9900

Dated: February 12, 2004

## CERTIFICATE OF SERVICE

I, Timothy M. Mitchelson, hereby certify that I have this 12th day of February 2004, served a copy of the Memorandum of Law in support of the Motion of the Plaintiffs/Counterclaim Defendants and the Third Party Defendants to Dismiss the Civil RICO Claims Under Rule 12(b)(6), by first class mail, postage prepaid, upon Stephen J. Lyons, Esq., Kleiman, Lyons, Schindler & Gross, 21 Custom House Street, Boston, Massachusetts 02110.

_____
Timothy M. Mitchelson