## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-101610REK

| | |
|---|---|
| ROBERT J. ZAMMITO, JR., | ) |
| PAUL M. ZAMMITO, | ) |
| CHRISTOPHER ZAMMITO and | ) |
| VALARIE A. MORDINI, | ) |
|     Plaintiffs and Counterclaim Defendants, | ) |
| | ) |
|         v. | ) |
| | ) |
| | ) |
| HARRY W. HEALEY, JR., GRANTOR TRUST | ) |
| and PETER W. HEALEY, as Trustee of | ) |
| HARRY W. HEALEY, JR., GRANTOR TRUST, | ) |
|     Defendants and Counterclaim Plaintiffs | ) |
| | ) |
| HARRY W. HEALEY, JR., individually, as | ) |
| Trustee of THE HUNTINGTON FORBES | ) |
| CHARITABLE REMAINDER TRUST, | ) |
| | ) |
| HUNTINGTON FORBES, LTD., | ) |
| STANTON CUMMINGS, LTD., | ) |
| PETER W. HEALEY, as Trustee of | ) |
| THE HEALEY GRANDCHILDRENS'S TRUST – II, | ) |
|     Third Party Plaintiffs, | ) |
| | ) |
|         v. | ) |
| | ) |
| ROBERT J. ZAMMITO, SR., | ) |
| VALERIE L. ZAMMITO, | ) |
| ASA HOLDING COMPANY, INC., and | ) |
| THE ASA HOLDINGS LP, | ) |
|     Third Party Defendants, | ) |
| | ) |
| MELLON BANK (aka Mellon Trust of New England), | ) |
|     Bank Trustee | ) |

### PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS
### AND TO STRIKE AFFIRMATIVE DEFENSES

Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito, and Valarie A.

Mordini ("Plaintiffs") hereby move pursuant to Fed.R.Civ. P. 12(c) for Judgment on the

Pleadings, and to strike certain of the Defendants' affirmative defenses as insufficient in accordance with Fed.R.Civ.P. 12(f).

As grounds for judgment on the pleadings, the Plaintiffs state that they commenced an action against the Defendants, the Harry W. Healey, Jr. Grantor Trust and Peter W. Healey as Trustee of the Harry W. Healey, Jr. Grantor Trust (the "Defendants"), to recover money owed under certain promissory notes (the "Notes"). In answering the Plaintiffs' Complaint, the Defendants admit executing the Notes and acknowledge that they did not satisfy their obligations to the Plaintiffs when the Notes came due in October 2003. In further answering the Complaint, the Defendants awkwardly proclaim that "they have at all times been and remain ready, willing, and able to satisfy their obligations under the [Notes]." Indeed, as the Answer further alleges, the sole reason for the Defendants failure to satisfy their obligation pursuant to these Notes is their mistaken belief that they have a right of set-off for alleged damages they suddenly claim to have suffered at the hands of the Plaintiff and others. Unfortunately for the Defendants, the Notes do not contain any right of set-off. Thus, their self-serving assertions serve only as admissions of liability under the Notes. Plaintiffs are entitled to judgment in their favor on the Complaint pursuant to Rule 12(c).

In addition, Plaintiffs move that the Defendants' tenth affirmative defense be stricken as insufficient in accordance with Rule 12(f). The tenth affirmative defense asserts that the Plaintiffs' Complaint to recover on the Notes is "insubstantial, frivolous and not advanced in good faith" thus "entitling the Defendants to their reasonable attorneys fees and cots [sic] pursuant to Massachusetts General Laws Chapter 231 Section 6F." The Defendants claim of being "ready, willing and able to satisfy their

obligation under the [Notes]" moots this affirmative defense. More importantly, the Defendants admissions preclude them from obtaining their costs pursuant to G.L. c. 231 §6F. Thus this affirmative defense is insufficient as a matter of law, and should be stricken.

In further support of this motion, the Plaintiffs respectfully direct this Court to the Memorandum of Law submitted herewith.

**WHEREFORE**, Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito and Varlarie A. Mordini respectfully request that this Court enter an Order:

1.     Entering judgment against the Defendants Harry W. Healey, Jr. Grantor Trust and Peter W. Healey as Trustee of the Grantor Trust pursuant to Counts I – IX of the Plaintiffs' Complaint;

2.     Striking the Defendants' Tenth Affirmative Defense as "insufficient" in accordance with Fed.R.Civ. P. 12(f); and

3.     For such other further relief as this Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

The Plaintiffs hereby request an oral argument for this Motion.

> Respectfully submitted,
> ROBERT J. ZAMMITO, JR.,
> PAUL M. ZAMMITO,
> CHRISTOPHER ZAMMITO AND
> VALARIE M. MORDINI,
> By their attorneys,
>
> Kevin M. Considine (BBO #542253)
> Timothy M. Mitchelson (BBO #630331)
> Kevin M. Considine, P.C.
> One Boston Place – 28th Floor
> Boston, MA 02108
> 617-723-9900

Dated: February 12, 2004

## RULE 7.1 CERTIFICATION

I, Timothy M. Mitchelson, state that on February 11, 2004, I spoke with counsel for the Defendants in a good faith attempt to resolve or narrow issues regarding this matter.

Timothy M. Mitchelson

## CERTIFICATE OF SERVICE

I, Timothy M. Mitchelson, hereby certify that I have this 12th day of February 2004, served a copy of the Plaintiffs' Motion for Judgment on the Pleadings and to Strike Affirmative Defenses by first class, postage prepaid, upon Stephen J. Lyons, Esq., Kleiman, Lyons, Schindler & Gross, 21 Custom House Street, Boston, Massachusetts 02110.

Timothy M. Mitchelson

4