## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-101610REK

ROBERT J. ZAMMITO, JR.,
PAUL M. ZAMMITO,
CHRISTOPHER ZAMMITO and
VALARIE A. MORDINI,
    Plaintiffs and Counterclaim Defendants,

        v.

HARRY W. HEALEY, JR., GRANTOR TRUST
and PETER W. HEALEY, as Trustee of
HARRY W. HEALEY, JR., GRANTOR TRUST,
    Defendants and Counterclaim Plaintiffs

HARRY W. HEALEY, JR., individually, as
Trustee of THE HUNTINGTON FORBES
CHARITABLE REMAINDER TRUST,

HUNTINGTON FORBES, LTD.,
STANTON CUMMINGS, LTD.,
PETER W. HEALEY, as Trustee of
THE HEALEY GRANDCHILDRENS'S TRUST – II,
    Third Party Plaintiffs,

        v.

ROBERT J. ZAMMITO, SR.,
VALERIE L. ZAMMITO,
ASA HOLDING COMPANY, INC., and
THE ASA HOLDINGS LP,
    Third Party Defendants,

MELLON BANK (aka Mellon Trust of New England),
    Bank Trustee

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS AND TO STRIKE AFFIRMATIVE DEFENSE

There is no dispute that the Defendants, the Harry W. Healey, Jr. Grantor Trust

and Peter W. Healey, as Trustee of the Harry W. Healey Grantor Trust (collectively the

"Defendants") are obligated under the Promissory Notes that the Defendants executed and delivered to the Plaintiffs. In answering the Plaintiffs' Complaint, the Defendants have admitted to all of the elements necessary for judgment to enter in the Plaintiffs favor. In addition, the Defendants' admissions should result in this Court striking the Defendants' Affirmative Defense alleging that the Plaintiffs' Complaint is frivolous and insubstantial.

## PROCEDURAL HISTORY

On or about December 24, 2003, the Plaintiffs commenced an action in the Business Litigation Session of the Suffolk Superior Court (the "Litigation"). In the Litigation, the Plaintiffs sought to recover in excess of $225,000.00 owed under Promissory Notes (the "Notes") executed and delivered by the Defendants. In response to the Plaintiffs' Complaint, the Defendants filed a counterclaim, as well as a third party complaint, alleging various fraud and civil RICO claims against the Plaintiffs and others. In addition, the Defendants removed the Litigation to the federal court.

As set forth in greater detail below, the Defendants assertion that they are "ready willing and able" to satisfy their obligations to the Plaintiffs, coupled with the other admissions in their Answer, requires that judgment enter for the Plaintiffs pursuant to Fed.R.Civ.P. 12(c). In addition, the Defendants admissions in their Answer vitiate their assertion that the Plaintiffs' Complaint is frivolous. Thus, their affirmative defense alleging that the Plaintiffs' Complaint violates G.L. c. 231 § 6F should be stricken.

## ARGUMENT AND AUTHORITIES

I.    *Judgment Should Enter in the Plaintiffs Favor Because of the Defendants Admissions*

### A.    The Plaintiffs have made their *prima facie* case for judgment on the Notes

In their Complaint, Plaintiffs alleged all of the elements necessary for establishing the Defendants liability on the Notes. *See* Community National Bank v. Dawes, 369 Mass. 550, 558, 340 N.E.2d 877 (1976)(bank established its *prima facie* case by showing that defendant executed the note and defaulted in payment).

In summary, the Plaintiffs alleged that

- the Defendants made and executed the Notes on or about October 31, 1999. *See Complaint at ¶ 8 and 14*

- the Notes became due and payable on October 31, 2003. *See Complaint at ¶ 12 and 18.*

- the Defendants failed to pay the Notes when they came due. *See e.g. Complaint at ¶ 20.*

In addition to the allegations contained in the Complaint, by annexing the Notes to the Complaint,[1] the Plaintiffs have demonstrated that the Defendants have no defense to payment. *See* G.L. c. 106 §3-308(b). (Once the signature is admitted and the promissory note is produced, the holder is entitled to recover unless the defendant establishes a valid defense.) The Notes do not grant the Defendants a right of set-off. *See Complaint at Ex. A and B.* Moreover, the Defendants admit that that the Notes

---

[1] Because they are annexed to the Complaint, and the Defendants did not dispute their authenticity, the Notes are part of the "pleadings" for the purposes of this Motion. *See* Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)(when the complaint relies upon a document whose authenticity is not challenged, such a document "merges into the pleadings").

"speak for themselves." *See e.g. Answer at ¶ 18.* Thus, the Defendants did not dispute any of the Notes' terms.

**B.     The Defendants admitted all of the elements necessary to establish the Plaintiffs' *prima facie* case**

In answering the Plaintiffs' Complaint, the Defendants admitted [or failed to deny] that

- they executed the Notes on or about October 31, 1999. *See* Answer at ¶ 8 and 14.

- the Notes were due and payable on October 31, 2003. *See* Answer at ¶ 12 and 17.

- they did not pay the Notes when they came due but "they have at all times been and remain ready, willing and able to satisfy their obligations under the [Notes]." *See e.g. Answer at ¶ 20.*

According to the Defendants' Answer, the sole defense for their failure to satisfy their obligations to the Plaintiffs was their belief they had been relieved of these obligations by the Plaintiffs' alleged fraudulent activities. *Id.* Although the Defendants allege a litany of fraudulent claims against the Plaintiffs, they do not allege that they were fraudulently *induced* into signing the Notes. *See* Commerce Bank & Trust Company v. Hayeck, 46 Mass. App. 687, 693, 709 N.E. 2d 1122 (1999). (In order to be relieved of the effect of promissory notes, the Defendant has to establish that he had been induced to sign under fraudulent pretenses.) Thus, with no rights of set-off, liability under the Notes has been established, and the Defendants have failed to allege any valid defense to their obligations.

**C.    Based upon the Defendants' admissions, judgment on the pleadings should enter in the Plaintiffs' favor.**

Rule 12 (c) states that, after pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). Within the First Circuit, "in the archetypical case, the fate of such motion will depend on whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts." Gulf Coast Bank & Trust Co. v. Reder, 2004 WL 67673, *2 (1st Cir. January 16, 2004); Feliciano v. Rhode Island, 160 F. 3d 780, 788 (1st Cir. 1998).

In answering the Plaintiffs' Complaint, the Defendants admitted [or failed to deny] all of the elements necessary to establish their liability under the Notes. They even went so far as to proclaim that "they have at all times been and remain ready, willing and able to satisfy their obligations under the [Notes]." *See e.g. Answer at ¶ 20.* There is therefore no dispute as to any material facts relating to the Defendants' liability under the Notes.[2] Accordingly, judgment should enter in the Plaintiffs' favor on the Complaint in accordance with Rule 12(c).

*II.    Defendant's Admissions Vitiate Their Allegation that the Plaintiffs Complaint is Frivolous or Insubstantial*

Rule 12(f) provides that the Court "may order stricken from any pleading any insufficient defense." Fed.R.Civ.P. 12(f). Motions to strike affirmative defenses will be granted only if there appears that the plaintiff would succeed despite any state of facts that could be proved in support of the defense. Federal Deposit Insurance Company v. Gladstone, 44 F. Supp. 2d 81, 85 (D. Mass. 1999). Although generally disfavored, federal courts in the First Circuit have found that "weeding out legally insufficient

---

[2] Although there is clearly a dispute relating to the Defendants' allegations of fraud and other nefarious activities by the Plaintiffs, the material facts relating to the collection on the Notes are clear.

5

defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned in order avoid the needless expenditures of time and money" in litigating issues which "can be foreseen to have no bearing on the outcome." <u>Narragansett Tribe of Indians v. Southern Rhode Island Land Development</u>, 418, F. Supp. 798, 801 (D. R.I 1976) *citing* <u>Purex Corp., Ltd. v. General Foods Corp.</u>, 318 F.Supp. 322, 323 (C.D. Cal. 1970). Moreover, allowing this baseless claim would unnecessarily prejudice the Plaintiffs because the Chapter 231 §6F assertion carries the threat of costs. Thus, the Plaintiffs would be forced to expend time and resources to defend against this groundless allegation. *See* <u>Mastrocchio v. Unnamed Supervisor Special Invest. Unit</u>, 152 F.R.D. 439, 441 (D. R.I. 1993)(courts look for a showing of prejudice in determining whether to strike affirmative defenses).

There is a fundamental incongruity in the Defendants' defense. On the one hand, they want to appear as if they are involved in a serious dispute with the Plaintiffs while, on the other, they allege that the Plaintiffs' claims are frivolous. The Defendants cannot have it both ways. Their admission that they are "ready, willing and able" to satisfy their loan obligation to the Plaintiffs renders "insufficient" their claim that the Plaintiffs' action to collect on these Notes is "insubstantial" or "frivolous." Thus their affirmative defense alleging that the Litigation violates G.L. c. 231 §6F should be stricken.

## CONCLUSION

For the foregoing reasons, the Plaintiffs request that judgment in the Litigation enter in their favor in accordance with Rule 12(c). In addition, the Plaintiffs request that the Defendants' Tenth Affirmative Defense should be stricken as "insufficient" pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Respectfully submitted,
ROBERT J. ZAMMITO, JR.,
PAUL M. ZAMMITO,
CHRISTOPHER ZAMMITO AND
VALARIE M. MORDINI,
By their attorneys,


Kevin M. Considine (BBO #542253)
Timothy M. Mitchelson (BBO #630331)
Kevin M. Considine, P.C.
One Boston Place – 28th Floor
Boston, MA 02108
617-723-9900

Dated: February 12, 2004

## CERTIFICATE OF SERVICE

I, Timothy M. Mitchelson, hereby certify that I have this 12th day of February 2004, served a copy of the Memorandum of Law in Support of the Plaintiffs' Motion for Judgment on the Pleadings and to Strike Affirmative Defenses by first class mail, postage prepaid, upon Stephen J. Lyons, Esq., Kleiman, Lyons, Schindler & Gross, 21 Custom House Street, Boston, Massachusetts 02110.


Timothy M. Mitchelson