UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10161-REK

| | |
|---|---|
| ROBERT J. ZAMMITO, JR., <br> PAUL M. ZAMMITO, <br> CHRISTOPHER ZAMMITO and <br> VALARIE A. MORDINI, <br>     Plaintiffs and Counterclaim Defendants, <br>         v. <br> HARRY W. HEALEY, JR., GRANTOR TRUST <br> and PETER W. HEALEY, as Trustee of <br> HARRY W. HEALEY, JR., GRANTOR TRUST, <br>     Defendants and Counterclaim Plaintiffs <br> <br> HARRY W. HEALEY, JR., individually, and as <br> Trustee of THE HUNTINGTON FORBES <br> CHARITABLE REMAINDER TRUST, <br> HUNTINGTON FORBES, LTD., <br> STANTON CUMMINGS, LTD., <br> PETER W. HEALEY, as Trustee of <br> THE HEALEY GRANDCHILDREN'S TRUST – II, <br>     Third-Party Plaintiffs, <br>     Third-Party Defendants in Counterclaim <br>         v. <br> ROBERT J. ZAMMITO, SR., <br> VALERIE L. ZAMMITO, <br> ASA HOLDINGS, INC., and <br> ASA HOLDINGS LP, <br>     Third-Party Defendants, <br>     Third-Party Plaintiffs in Counterclaim, <br>     Third-Party Plaintiffs, <br>         v. <br> JOHN A. MALLOY, III and <br> WILLIAM R. HEALEY, <br>     Third-Party Defendants <br> <br> MELLON BANK <br> (a/k/a Mellon Trust of New England), <br>     Bank Trustee. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPLY TO COUNTERCLAIM, THIRD-PARTY ANSWER, AND THIRD-PARTY COMPLAINT

Now come Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito and Valarie A. Mordini, also known as Valarie L. Mordini ("Counterclaim Defendants"); and Robert J. Zammito, Sr., Valarie L. Mordini, ASA Holdings, Inc., and ASA Holdings LP (hereafter "Third-Party Defendants") and reply, answer, and counterclaim as follows:

1. The allegations contained in paragraph one comprise legal conclusions to which no response is required. To the extent a response is deemed necessary, Counterclaim Defendants and Third-Party Defendants deny the allegations.

## Parties – Counterclaim Plaintiffs

2. Counterclaim Defendants and Third-Party Defendants admit that the Harry W. Healey, Jr., Grantor Trust is a Massachusetts Trust, that Peter W. Healey is a Trustee, and that for a period of time the Trust owned shares in Ambulance Systems of America, Inc. Counterclaim Defendants and Third-Party Defendants deny the remaining allegation contained in paragraph two.

3. Counterclaim Defendants and Third-Party Defendants admit the allegation contained in paragraph three.

4. Counterclaim Defendants and Third-Party Defendants admit that Harry W. Healey, Jr. is an individual residing in Hingham, Plymouth County, Massachusetts, and are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph four.

5. Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five.

6. Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six.

7. Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven.

8. Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight.

### Parties – Counterclaim Defendants

9. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph nine.

10. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph ten.

11. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 11.

12. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 12.

### Parties – Third-Party Defendants

13. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 13.

14. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 14.

15. Counterclaim Defendants and Third-Party Defendants admit that ASA Holding Company, Inc. is a corporation duly organized under Massachusetts law, and deny the remaining allegations contained in paragraph 15.

16. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 16.

### Related Non-Parties

17. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 17.

18. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 18.

19. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 19.

20. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 20.

21. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 21.

22. Counterclaim Defendants and Third-Party Defendants admit that FE Holdings LLC is a foreign limited liability company engaged in business within the Commonwealth of Massachusetts, and has principal place of business at 75-D York Avenue, Randolph, Norfolk County, Massachusetts; and deny the remaining allegations contained in paragraph 22.

23. Counterclaim Defendants and Third-Party Defendants admit that RTFE Delaware LLC is a limited liability company organized under the laws of Delaware, that

it is a shareholder of FE Holdings LLC; and deny the remaining allegations contained in paragraph 23.

24.  Counterclaim Defendants and Third-Party Defendants admit that RTFE Membership Corporation is a corporation organized under the laws of the State of Delaware; and deny the remaining allegations contained in paragraph 24.

25.  Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 25.

26.  Counterclaim Defendants and Third-Party Defendants admit that Zammito Automotive Real Estate LLC is a limited liability company organized under the laws of the State of Delaware and that it is the owner of the real estate on which Toyota of Dartmouth is located; and deny the remaining allegations contained in paragraph 26.

## General Allegations

27.  Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.  Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 28.

29.  Counterclaim Defendants and Third-Party Defendants admit that John A. Malloy, III ("Malloy") had a banking relationship with Mr. Zammito, Sr. and Norfolk-Bristol Ambulance Company, Inc. Counterclaim Defendants and Third-Party Defendants further admit that Malloy knew Healey, but deny the remaining allegations contained in paragraph 29.

5

30. Counterclaim Defendants and Third-Party Defendants admit that Malloy introduced Healey to Mr. Zammito, Sr., and that Norfolk-Bristol Ambulance Company, Inc. agreed to hire Healey as a consultant, but deny the remaining allegations contained in paragraph 30.

31. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 31.

32. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 32.

33. Counterclaim Defendants and Third-Party Defendants admit that Healey was one member of the team involved in the negotiation of two acquisitions made by Norfolk-Bristol Ambulance Company, Inc. from 1992-1994; and deny the remaining allegations contained in paragraph 33.

34. Counterclaim Defendants and Third-Party Defendants admit that by 1994, Ambulance Systems of America, Inc. ("ASA-Inc.") and Chaulk Ambulance were the two largest ambulance service providers in southern New England, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35. Counterclaim Defendants and Third-Party Defendants admit that Healey was a member of the team involved in the negotiations of the merger of ASA-Inc. and AmNet, Inc.

36. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 36.

37. Counterclaim Defendants and Third-Party Defendants admit that ASA-Inc. was more valuable than AmNet, and money was paid to ASA-Inc. shareholders to enable the merger to go forward as one between equals; and deny the remaining allegations contained in paragraph 37.

38. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 38.

39. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 39.

40. Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph forty-two.

43. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 43.

44. Counterclaim Defendants and Third-Party Defendants admit that the terms of acquisition required the establishment of an escrow amount of approximately ($11,250,000) to provide coverage against potential Medicare challenges to the billing practices of ASA-Inc. and other predecessor companies; and deny the remaining allegations contained in paragraph 44.

45. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 45.

46. Counterclaim Defendants and Third-Party Defendants admit as to the identity of the four Zammito children; and deny the remaining allegations contained in paragraph 46.

47. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 47.

48. Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. Counterclaim Defendants and Third-Party Defendants admit as to the identity of National Check Protection Services, Inc. and deny the remaining allegations contained in paragraph 49.

50. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 50.

51. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 51.

52. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 52.

53. Counterclaim Defendants and Third-Party Defendants admit that Healey introduced Thomas Calter, who had professional experience in the environmental industry, to Mr. Zammito, Sr. and that they discussed the creation of a business entity

engaged in environmental remediation, but deny the remaining allegations contained in paragraph 53.

54. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 54.

55. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 55.

56. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 56.

57. Counterclaim Defendants and Third-Party Defendants admit that during 1996, two form ASA-Inc. employees began a qui tam action that led the office of the U.S. Attorney to begin an investigation into the billing practices of ASA and several of its predecessor corporations.

58. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 58.

59. Counterclaim Defendants and Third-Party Defendants admit that, as a result of the investigation, AMR-Inc. submitted a claim against the escrow fund established at the time of the AMR-Inc. acquisition of ASA-Inc.; and deny the remaining allegations contained in paragraph 59.

60. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 60.

61. Counterclaim Defendants and Third-Party Defendants admit that, in his capacity as their investment advisor, Healey recommended that the Zammito children invest in Colornet Graphics LLC, and that he negotiated the terms of the investment on

their behalf. Counterclaim Defendants and Third-Party Defendants also admit that an operating agreement was executed on or about March 30, 1999, and that they lost their investment because the business failed; and deny the remaining allegations contained in paragraph 61.

62. Counterclaim Defendants and Third-Party Defendants admit that, RPCV LLC, on Healey's advice, invested seven hundred fifty thousand ($750,000) dollars, through a revolving line of credit to Colornet Graphics; that this amount was the principal source of the company's funding; and that the Zammito children lost their investment. Further answering, Counterclaim Defendants and Third-Party Defendants deny the remaining allegations contained in paragraph 62.

63. Counterclaim Defendants and Third-Party Defendants admit that Healey would have been entitled to a ten (10%) percent commission on the investment from Colornet Graphics, subject to the satisfaction of certain conditions that never occurred; and deny the remaining allegations contained in paragraph 63.

64. Counterclaim Defendants and Third-Party Defendants admit that Healey acquired a one-sixth (1/6) interest in Colornet Graphics, and that he has never paid RPCV LLC for his interest; and deny the remaining allegations contained in paragraph 64.

65. Counterclaim Defendants and Third-Party Defendants admit that, in his capacity as their investment advisor, Healey recommended that the Zammito children invest in Skyways Communications LLC, and that he negotiated the terms of the investment on their behalf. Counterclaim Defendants and Third-Party Defendants also admit that an operating agreement was executed on or about April 1999, and that they

lost their investment because the business failed; and deny the remaining allegations contained in paragraph 65.

66. Counterclaim Defendants and Third-Party Defendants admit that RPCV LLC, on Healey's advice, invested seven hundred fifty thousand ($750,000) dollars, through a revolving line of credit to Skyways Communications LLC; that this amount was the principal source of the company's funding; and that the Zammito children lost their investment. Further answering, Counterclaim Defendants and Third-Party Defendants deny the remaining allegations contained in paragraph 66.

67. Counterclaim Defendants and Third-Party Defendants admit that Healey would have been entitled to a ten (10%) percent commission on the investment from Skyways Communications LLC, subject to the satisfaction of certain conditions that never occurred; and deny the remaining allegations contained in paragraph 67.

68. Counterclaim Defendants and Third-Party Defendants admit that Healey acquired a one-sixth (1/6) interest in Skyways, and that he has never paid RPCV LLC for his interest; and deny the remaining allegations contained in paragraph 68.

69. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 69.

70. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 70.

71. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 71.

72. Counterclaim Defendants and Third-Party Defendants admit that Healey acquired a one-sixth (1/6) interest in NCPS-Inc. and NVDS-Inc., and that he has never

paid RPCV LLC for his interest; and deny the remaining allegations contained in paragraph 72.

73. Counterclaim Defendants and Third-Party Defendants admit that Harry W. Healey, Jr. Grantor Trust, Peter W. Healey, Trustee, duly executed and delivered to the Zammito children four, separate recourse promissory notes for twelve thousand five hundred ($12,500) dollars as partial consideration for the Healey Trust's one-sixth (1/6) interest in NCPS and NVDS, and that the notes have not been paid; and deny the remaining allegations contained in paragraph 73.

74. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 74.

75. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 75.

76. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 76.

77. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 77.

78. Counterclaim Defendants and Third-Party Defendants admit that in his capacity as their investment advisor, Healey recommended that the Zammito children invest in New England Roll-Off Services LLC, and that he negotiated the terms of the investment on their behalf. Counterclaim Defendants and Third-Party Defendants also admit that an operating agreement was executed on or about March 2000, and that they lost their investment because the business failed; and deny the remaining allegations contained in paragraph 78.

79.     Counterclaim Defendants and Third-Party Defendants admit that RPCV LLC, on Healey's advice, invested five hundred sixty-two thousand ($562,000) dollars, through a revolving line of credit to New England Roll-Off Services LLC; that this amount was the principal source of the company's funding; and that the Zammito children lost their investment. Further answering, Counterclaim Defendants and Third-Party Defendants deny the remaining allegations contained in paragraph 79.

80.     Counterclaim Defendants and Third-Party Defendants admit that Healey would have been entitled to a ten (10%) percent commission on the investment from New England Roll-Off Services LLC, subject to the satisfaction of certain conditions that never occurred; and deny the remaining allegations contained in paragraph 80.

81.     Counterclaim Defendants and Third-Party Defendants admit that Healey acquired a one-sixth (1/6) interest in New England Roll-Off Services LLC, and that he has never paid RPCV LLC for his interest; and deny the remaining allegations contained in paragraph 81.

82.     Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83.     Counterclaim Defendants and Third-Party Defendants admit that Healey approached Robert J. Zammito, Sr. about whether he personally had an interest in acquiring the Harte Toyota business.

84.     Counterclaim Defendants and Third-Party Defendants admit that Robert J. Zammito, Sr., through his ownership of Zammito Automotive Group, Inc., acquired

Harte Toyota on or about December 16, 2000, and re-named the business Toyota of Dartmouth; and deny the remaining allegations contained in paragraph 84.

85. Counterclaim Defendants and Third-Party Defendants state that the relevant documents speak for itself, and otherwise deny the remaining allegations in paragraph 85.

86. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 86.

87. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 87.

88. Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

89. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 89.

90. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 90.

91. Counterclaim Defendants and Third-Party Defendants admit that, Healey acquired a one-sixth (1/6) interest in FE Holdings LLC, and that he has never paid RPCV LLC for his interest; and deny the remaining allegations contained in paragraph 91.

92. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 92.

93. Counterclaim Defendants and Third-Party Defendants admit that, on or about March 2001, Robert J. Zammito, Sr. acquired certain real estate on which Toyota of Dartmouth is located; and deny the remaining allegations contained in paragraph 93.

94. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 94.

95. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 95.

96. Counterclaim Defendants and Third-Party Defendants state the document referred to in paragraph 96 speaks for itself. Further answering, they deny the remaining allegations contained in paragraph 96.

97. Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.

98. Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98.

99. Counterclaim Defendants and Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 100.

101. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 101.

102. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 102.

103. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 103.

104. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 104.

105. Counterclaim Defendants and Third-Party Defendants admit that litigation has ensued, and deny the remaining allegations contained in paragraph 105.

106. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 106.

107. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 107.

108. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 108.

109. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 109.

110. Counterclaim Defendants and Third-Party Defendants admit that the Zammito children are the Trustees of the National Check Protection Service Business Trust and National Data Verification Service Business Trust; and are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 111.

112. Counterclaim Defendants and Third-Party Defendants admit that eight million five hundred thousand ($8,500,000) dollars was paid to the government from ASA-Inc. escrow, and deny the remaining allegations contained in paragraph 112.

113. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 113.

114. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 114.

115. Counterclaim Defendants and Third-Party Defendants state the document referred to in paragraph 115 speaks for itself. Further answering, they deny the remaining allegations contained in paragraph 115.

116. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 116.

117. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 117.

118. Counterclaim Defendants and Third-Party Defendants state the document referred to in paragraph 118 speaks for itself. Further answering, they deny the remaining allegations contained in paragraph 118.

119. Counterclaim Defendants and Third-Party Defendants admit that in or about November and December 2002, a series of negotiations occurred to get Healey to pay to the Zammito children the money he owed them for his one-sixth (1/6) interest in NCPS, NVDS, Colornet Graphics, New England Roll-Off Services LLC, and FE Holdings; and deny the remaining allegations contained in paragraph 119.

120. Counterclaim Defendants and Third-Party Defendants state that the document referred to in paragraph 120 speaks for itself. Further answering, they deny the remaining allegations contained in paragraph 120.

121. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 121.

122. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 122.

123. Counterclaim Defendants and Third-Party Defendants admit that Healey has failed to pay the Zammito children the money that is owned to him for his one-sixth (1/6) interest in NCPS, NVDS, Colornet, New England Roll-Off Services LLC, and FE Holdings LLC, and deny the remaining allegations contained in paragraph 123.

124. Counterclaim Defendants and Third-Party Defendants state that the document referred to in paragraph 124 speaks for itself. Further answering, they deny the remaining allegations contained in paragraph 124.

125. Counterclaim Defendants and Third-Party Defendants admit the allegations contained in paragraph 125.

126. Counterclaim Defendants and Third-Party Defendants state that the document referred to in paragraph 126 speaks for itself. Further answering, they deny the remaining allegations contained in paragraph 126.

127. Counterclaim Defendants and Third-Party Defendants state that the document referred to in paragraph 127 speaks for itself. Further answering, they deny the remaining allegations contained in paragraph 127.

128. Counterclaim Defendants and Third-Party Defendants state that the document referred to in paragraph 128 speaks for itself. Further answering, they deny the remaining allegations contained in paragraph 128.

129. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 129.

130. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 130.

131. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 131.

132. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 132.

133. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 133.

### COUNTS v. ROBERT J. ZAMMITO, SR.
### COUNT I

134. Counterclaim Defendants and Third-Party Defendants state that the document referred to in paragraph 134 speaks for itself. Further answering, they deny the remaining allegations contained in paragraph 134.

135. Counterclaim Defendants and Third-Party Defendants incorporate by reference paragraphs 1 through 134 above, as it fully set forth herein.

136. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 136.

137. Counterclaim Defendants and Third-Party Defendants deny the allegations contained in paragraph 137.