IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:  04-101610REK

ROBERT J. ZAMMITO, JR.;                                    )
PAUL M. ZAMMITO;                                           )
CHRISTOPHER ZAMMITO; and                                   )
VALARIE A. MORDINI,                                        )
   Plaintiffs and Counterclaim Defendants  )
                                               )
v.                                                         )
                                               )
HARRY W. HEALEY, JR., GRANTOR TRUST and                    )
PETER W. HEALEY as Trustee of                              )
HARRY W. HEALEY, JR., GRANTOR TRUST,                       )
   Defendants and Counterclaim Plaintiffs  )
                                               )
HARRY W. HEALEY, JR. individually, and as Trustee of       )
THE HUNTINGTON FORBES CHARITABLE                           )
REMAINDER TRUST;                                           )
                                               )
HUNTINGTON FORBES, LTD.;                                   )
STANTON CUMMINGS, LTD.;                                    )
PETER W. HEALEY, as Trustee of                             )
THE HEALEY GRANDCHILDREN'S TRUST – II,                     )
   Third Party Plaintiffs                   )
   Third Party Defendants in Counterclaim   )
                                               )
v.                                                         )
                                               )
ROBERT J. ZAMMITO, SR.;                                    )
VALERIE L. ZAMMITO;                                        )
ASA HOLDING COMPANY, INC.; and                             )
THE ASA HOLDINGS LP,                                       )
   Third Party Defendants                   )
   Third Party Plaintiffs in Counterclaim   )
   Third Party Plaintiffs                   )
                                               )
v.                                                         )
                                               )
JOHN A. MALLOY, III and                                    )
WILLIAM R. HEALEY,                                         )
   Third Party Defendants                   )
                                               )
MELLON BANK (aka Mellon Trust of New England),             )
   Bank Trustee                              )
                                               )

ANSWER TO PLAINTIFFS/COUNTERCLAIM DEFENDANTS AND THIRD
PARTY DEFENDANTS' CROSSCLAIMS

Crossclaim Defendants (referred to in the plaintiffs' Reply to Counterclaim, Third Party Answer and Third Party Complaint as Counterclaim Defendants and Third Party Defendants), Harry W. Healey Jr. Grantor Trust, Peter W Healey, Harry W. Healey, Jr., Huntington Forbes, Ltd., The Huntington Forbes Charitable Remainder Trust, Stanton Cummings, Ltd., The Healey Grandchildren's Trust, and William R. Healey for their answer to the Plaintiffs' Crossclaim hereby respectfully respond as follows:

1.    The Crossclaim Defendants admit the allegations contained in Paragraph 1 upon information and belief.

2.    The Crossclaim Defendants admit the allegations contained in Paragraph 2 upon information and belief.

3.    The Crossclaim Defendants admit the allegations contained in Paragraph 3 upon information and belief.

4.    The Crossclaim Defendants admit the allegations contained in Paragraph 4 upon information and belief.

5.    The Crossclaim Defendants admit the allegations contained in Paragraph 5 upon information and belief.

6.    The Crossclaim Defendants admit the allegations contained in Paragraph 6 upon information and belief.

7.    The Crossclaim Defendants admit the allegations contained in Paragraph 7 upon information and belief.

8.    The Crossclaim Defendants admit the allegations contained in Paragraph 8 upon information and belief.

9.     The Crossclaim Defendants admit the allegations contained in Paragraph 9.

10.    The Crossclaim Defendants admit the allegations contained in Paragraph 10.

11.    The Crossclaim Defendants admit the allegations contained in Paragraph 11.

12.    The Crossclaim Defendants admit the allegations contained in Paragraph 12.

13.    The Crossclaim Defendants admit the allegations contained in Paragraph 13.

14.    The Crossclaim Defendants admit the allegations contained in Paragraph 14.

15.    The Crossclaim Defendants admit the allegations contained in Paragraph 15.

16.    The Crossclaim Defendants admit that John A. Malloy, III is an individual residing in Plymouth, Plymouth County, Massachusetts. The Crossclaim Defendants deny the remaining allegations contained in Paragraph 16.

17.    The Crossclaim Defendants admit that William R. Healey is an adult individual residing in Plymouth County, Massachusetts, the son of Harry W. Healey, Jr. and a certified public accountant.  The Crossclaim Defendants deny the remaining allegations contained in Paragraph 17.

18.    The Crossclaim Defendants admit that in 1975, Robert J. Zammito, Sr., was involved in the creation of an ambulance company known as Norfolk- Bristol

County Ambulance Service with offices in Foxborough and Mansfield, Massachusetts. The Crossclaim Defendants deny the remaining allegations contained in Paragraph 18.

19.    The Crossclaim Defendants deny the allegations contained in Paragraph 19.

20.    The Crossclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.    The Crossclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.    The Crossclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.    The Crossclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.    The Crossclaim Defendants admit that the Federal government promulgated regulations under the Medicare Part B Program governing the reimbursement of transportation costs and that Norfolk-Bristol County Ambulance Service was required to comply with the law in every respect concerning the reimbursement of transportation expenses.    The Crossclaim Defendants deny the remaining allegations contained in Paragraph 24.

25.    The Crossclaim Defendants admit that John A. Malloy, III introduced Robert J. Zammito, Sr. to Harry W. Healey, Jr.    The Crossclaim Defendants deny the remaining allegations contained in Paragraph 25.

26.    The Crossclaim Defendants deny the allegations contained in Paragraph 26.

27.    The Crossclaim Defendants deny the allegations contained in Paragraph 27.

28.    The Crossclaim Defendants deny the allegations contained in Paragraph 28.

29.    The Crossclaim Defendants deny the allegations contained in Paragraph 29.

30.    The Crossclaim Defendants deny the allegations contained in Paragraph 30.

31.    The Crossclaim Defendants deny the allegations contained in Paragraph 31.

32.    The Crossclaim Defendants admit that by the early 1990's, Norfolk-Bristol County Ambulance Service had changed its name to Ambulance Systems of America, Inc. The Crossclaim Defendants deny the remaining allegations contained in Paragraph 32.

33.    The Crossclaim Defendants deny the allegations contained in Paragraph 33.

34.    The Crossclaim Defendants admit that in January, 1995, Ambulance Systems of America, Inc., and Chaulk Ambulance merged retaining the Ambulance Systems of America, Inc. name and that Valerie L. Zammito owned approximately twenty-four (24%) percent of the merged company and that the Zammito's four children collectively owned approximately sixteen (16%) percent. The Crossclaim Defendants deny the remaining allegations contained in Paragraph 34.

35. The Crossclaim Defendants deny the allegations contained in Paragraph 35 except that former executives of Chaulk Ambulance remained associated with Ambulance Services of America, Inc.

36. The Crossclaim Defendants admit the allegations contained in Paragraph 36.

37. The Crossclaim Defendants admit the allegations contained in Paragraph 37.

38. The Crossclaim Defendants admit the allegations contained in Paragraph 38.

39. The Crossclaim Defendants admit the allegations contained in Paragraph 39.

40. The Crossclaim Defendants deny the allegations contained in Paragraph 40.

41. The Crossclaim Defendants deny the allegations contained in Paragraph 41.

42. The Crossclaim Defendants deny the allegations contained in Paragraph 42.

43. The Crossclaim Defendants deny the allegations contained in Paragraph 43.

44. The Crossclaim Defendants do not know what is meant by "a registered investment advisor" as that term is used in Paragraph 44 and are, thus, unable to admit or deny same. The Crossclaim Defendants deny the remaining allegations contained in Paragraph 44.

## COUNT I
## COLORNET GRAPHICS LLC
## BREACH OF CONTRACT

45.    The Crossclaim Defendants repeat and incorporate by reference their answers set forth in Paragraphs 1 through 44 above.

46.    The Crossclaim Defendants deny the allegations contained in Paragraph 46.

47.    The Crossclaim Defendants deny the allegations contained in Paragraph 47.

## COUNT II
## NEW ENGLAND ROLL-OFF SERVICES LLC
## BREACH OF CONTRACT

48.    The Crossclaim Defendants repeat and incorporate by reference their answers set forth in Paragraphs 1 through 47 above.

49.    The Crossclaim Defendants deny the allegations contained in Paragraph 49.

50.    The Crossclaim Defendants deny the allegations contained in Paragraph 50.

## COUNT III
## NORFOLK-BRISTOL AMBULANCE COMPANY, INC.
## BREACH OF CONTRACT

51.    The Crossclaim Defendants repeat and incorporate by reference their answers set forth in Paragraphs 1 through 50 above.

52.    The Crossclaim Defendants deny the allegations contained in Paragraph 52.

53. The Crossclaim Defendants deny the allegations contained in Paragraph 53.

54. The Crossclaim Defendants deny the allegations contained in Paragraph 54.

55. The Crossclaim Defendants deny the allegations contained in Paragraph 55.

56. The Crossclaim Defendants deny the allegations contained in Paragraph 56.

57. The Crossclaim Defendants deny the allegations contained in Paragraph 57.

58. The Crossclaim Defendants deny the allegations contained in Paragraph 58.

59. The Crossclaim Defendants deny the allegations contained in Paragraph 59.

**COUNT IV**
**BREACH OF THE IMPLIED COVENANT**
**OF GOOD FAITH AND FAIR DEALING**

60. The Crossclaim Defendants repeat and incorporate by reference their answers set forth in Paragraphs 1 through 59 above.

61. The Crossclaim Defendants deny the allegations contained in Paragraph 61.

62. The Crossclaim Defendants deny the allegations contained in Paragraph 62.

## COUNT V
## ABUSE OF PROCESS

63.    The Crossclaim Defendants repeat and incorporate by reference their answers set forth in Paragraphs 1 through 62 above.

63.    The Crossclaim is misnumbered.  The Crossclaim Defendants, however, deny the allegations contained in Paragraph 63 (sic).

64.    The Crossclaim Defendants deny the allegations contained in Paragraph 64.

65.    The Crossclaim Defendants deny the allegations contained in Paragraph 65.

66.    The Crossclaim Defendants deny the allegations contained in Paragraph 66 and assert that the documents attached as Exhibits "A" and "B" were never presented to Harry W. Healey, Jr. and that the signature of Peter W. Healey was obtained by fraud or is not genuine.

## COUNT VI
## BREACH OF CONTRACT
## HARTE TOYOTA

67.    The Crossclaim Defendants repeat and incorporate by reference their answers set forth in Paragraphs 1 through 66 above.

68.    The Crossclaim Defendants deny the allegations contained in Paragraph 68.

69.    The Crossclaim Defendants deny the allegations contained in Paragraph 69.

70.    The Crossclaim Defendants deny the allegations contained in Paragraph 70.

71.    The Crossclaim Defendants deny the allegations contained in Paragraph 71.

## COUNT VII
## 93A

72.    The Crossclaim Defendants repeat and incorporate by reference their answers set forth in Paragraphs 1 through 71 above.

73.    The Crossclaim Defendants deny the allegations contained in Paragraph 73.

74.    The Crossclaim Defendants deny the allegations contained in Paragraph 74.

## COUNT VIII
## NCPS/NDVS
## BREACH OF CONTRACT

75.    The Crossclaim Defendants repeat and incorporate by reference their answers set forth in Paragraphs 1 through 74 above.

76.    The Crossclaim Defendants deny the allegations contained in Paragraph 76.

77.    The Crossclaim Defendants deny the allegations contained in Paragraph 77.

## COUNT VIII (sic)
## FE HOLDINGS, INC.
## BREACH OF CONTRACT

78.    Count VIII of the Crossclaim is misnumbered.  The Crossclaim Defendants repeat and incorporate by reference their answers set forth in Paragraphs 1 through 77 above.

79.    The Crossclaim Defendants deny the allegations contained in Paragraph 79.

80.    The Crossclaim Defendants deny the allegations contained in Paragraph 80.

## SECOND DEFENSE

The Crossclaim fails to state claims against the Crossclaim Defendants upon which relief can be granted.

## THIRD DEFENSE

The Crossclaim is barred by the doctrine of estoppel.

## FOURTH DEFENSE

The Crossclaim is barred by the Plaintiffs' fraud.

## FIFTH DEFENSE

The Crossclaim is barred by reason of laches.

## SIXTH DEFENSE

The Crossclaim is barred pursuant to the doctrine of unclean hands.

## SEVENTH DEFENSE

To the extent that the Crossclaim Defendants were bound by any fiduciary duty, the Crossclaim Defendants have fully performed such duty.

## EIGHTH DEFENSE

To the extent that Crossclaim Defendants were bound by any contract, the Crossclaim Defendants have fully performed any obligations under the alleged contract.

## NINTH DEFENSE

The Crossclaim is barred by breach of the Plaintiffs' fiduciary obligations.

### TENTH DEFENSE

The Crossclaims are insubstantial, frivolous and not advanced in good faith entitling the Crossclaim Defendants to their reasonable attorneys fees and cots pursuant to Massachusetts General Laws Chapter 231 Section 6F.

### ELEVENTH DEFENSE

If the Crossclaimants have sustained any damage or loss as alleged in their complaint, which the Crossclaim Defendants deny, such damage or loss was caused by the negligent and/or intentional conduct of the Crossclaimants and/or their agents.

### TWELFTH DEFENSE

The Crossclaimants have suffered no damage.

### THIRTEENTH DEFENSE

The Crossclaim is barred by the Statute of Frauds.

### FOURTEENTH DEFENSE

The Crossclaimants are barred from recovery by their failure to commence this action within the statutory time required.

### FIFTEENTH DEFENSE

The Crossclaimants are barred from recovery by the doctrine of waiver.

### SIXTEENTH DEFENSE

The Crossclaim should be dismissed for failure to join a party under Rule 19.

### SEVENTEENTH DEFENSE

The Crossclaim Defendants reserve the right to assert other matters constituting an avoidance or affirmative defense.

**WHEREFORE,** the Crossclaim Defendants request that the Court dismiss the Plaintiffs' Crossclaim.

Respectfully submitted;

THE DEFENDANTS,
COUNTERCLAIM PLAINTIFFS,
THIRD PARTY PLAINTIFFS and
CROSSCLAIM DEFENDANTS

By their attorneys:

Stephen J. Lyons
(BBO#309840)
KLIEMAN, LYONS, SCHINDLER
& GROSS
21 Custom House Street
Boston MA 02110
Telephone: 617.443.1000

Dated:  April 23, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail on April 23, 2004.

Stephen J. Lyons, Esq.