IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-101610REK

ROBERT J. ZAMMITO, JR.;
PAUL M. ZAMMITO;
CHRISTOPHER ZAMMITO; and
VALARIE A. MORDINI,
    Plaintiffs and Counterclaim Defendants

v.

HARRY W. HEALEY, JR., GRANTOR TRUST and
PETER W. HEALEY as Trustee of
HARRY W. HEALEY, JR., GRANTOR TRUST,

    Defendants and Counterclaim Plaintiffs

HARRY W. HEALEY, JR. individually, and as Trustee of
THE HUNTINGTON FORBES CHARITABLE
REMAINDER TRUST;

HUNTINGTON FORBES, LTD.;
STANTON CUMMINGS, LTD.;
PETER W. HEALEY, as Trustee of
THE HEALEY GRANDCHILDREN'S TRUST – II,
    Third Party Plaintiffs

v.

ROBERT J. ZAMMITO, SR.;
VALERIE L. ZAMMITO;
ASA HOLDING COMPANY, INC.; and
THE ASA HOLDINGS LP,
    Third Party Defendants

MELLON BANK (aka Mellon Trust of New England),
    Bank Trustee

**MOTION TO CONSOLIDATE**

**NOW COMES** the defendant and counterclaim plaintiff in the above referenced matter, Harry W. Healey, Jr., and, pursuant to Federal Rule of Civil Procedure 42(a), moves to consolidate the case of *RTFE Delaware LLC v. Harry W. Healey, Jr., Plymouth Superior Court, Civil Action Number 04-0089-B* which is currently pending in the Superior Court for Plymouth County with this action. The reasons for this motion are set forth herein as follows:

1. On December 24, 2003, this action was commenced against Harry W. Healey, Jr., Grantor Trust and Peter W. Healey, as Trustee in the Superior Court for Suffolk County and known as *Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito and Valerie A. Mordini v. Harry W. Healey, Jr., Grantor Trust and Peter W. Healey, as Trustee, Suffolk County Superior Court, Civil Action Number 03-6083*.

2. On January 23, 2004, that action was properly removed pursuant to 28 U.S.C., Section 1441(b) to the United States District Court on grounds that this Court has original jurisdiction founded on a claim involving a Federal question or claim or right arising under the Constitution, Treaties or Laws of the United States (28 U.S.C., Section 1331) and is known as *Robert J. Zammito, Jr., et als. v. Harry W. Healey, Jr., et als, United States District Court, Civil Action No: 04-101610REK*.

3. On January 20, 2004, while the aforementioned removal petition was pending, the plaintiffs filed a second action against Harry W. Healey, Jr., known as *RTFE Delaware, LLC v. Harry W. Healey, Jr., Plymouth County

*Superior Court, Civil Action No: 04-0089-B*. A copy of the Complaint is attached hereto as Exhibit 1.

4.  In responding to the Complaint, the defendant, Harry W. Healey, Jr., as his second defense, moved to dismiss the plaintiff's second action for lack of subject matter jurisdiction on the grounds that the Plaintiff's Complaint arose out of the same transaction or occurrence that is the subject matter of this action and constituted a compulsory counterclaim in that action. A copy of the defendants' Answer is attached hereto as Exhibit 2.

5.  The action filed in the Plymouth County Superior Court known as *RTFE Delaware v. Harry W. Healey, Jr., Plymouth County Superior Court, Civil Action No: 04-0089-B*, like the prior action originally brought in the Superior Court for Suffolk County known as *Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito and Valerie A. Mordini v. Harry W. Healey, Jr., Grantor Trust and Peter W. Healey, as Trustee, Suffolk County Superior Court, Civil Action Number 03-6083*, arises out of the same transaction or occurrence as the matter now pending before the United States District Court.

6.  On August 2, 2004, the defendant properly filed his Notice of Removal removing the action known as *RTFE Delaware, LLC v. Harry W. Healey, Jr., Plymouth Superior Court, Civil Action No: 04-0089-B*, to the United States District Court pursuant to U.S.C., Section 1441(b) on the grounds that this Court has original jurisdiction founded on diversity of citizenship where the amount in controversy exceeds $75,000 and because the defendant's counterclaims involve a federal question or claim arising under the Constitution,

3

Treaties or Laws of the United States (28 U.S.C., 1331). That action is now known as *RTFE Delaware, LLC v. Harry W. Healey, Jr., United States District Court, Civil Action No: 04-11703REK*. A copy of the Notice of Removal is attached as Exhibit 3.

7. Fed.R.Civ.P. 42(a) provides that when actions involving a common question of law or fact are pending, the Court may order the actions consolidated, especially in the interest of judicial economy or to promote the just, speedy and inexpensive determination of such actions. Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1973).

8. The Court has broad discretion to decide whether consolidation is desirable under Rule 42(a) and may even consolidate cases sua sponte. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531(5th Cir. 1993); *Gentry v. Smith*, 487 F2d. 571, 581 (5th Cir. 1973). Actions involving the same parties are likely candidates for consolidation, but a common question of law or fact is sufficient. *7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice § 2384 at 263-64*. Thus, the proper solution to the problems created by the existence of two or more cases involving the same parties and issues simultaneously pending in the same court is to consolidate them under Rule 42(a). *Miller*, 729 F.2d at 1036. See also, *In Re Pri Automation, Inc. Securities Litigation, Civil Action No: 0012398-REK and All Related Cases*, 145 F.Supp, 2nd 138, 2001 U.S. Dist. LEXIS 8725 (June 15, 2001); *Sanford Nager v. Websecure, Inc., et als, Civil*

*Action No: 97-10662-GAO and Related Cases*, 1997 U.S. Dist. LEXIS 19601(November 26, 1997).

**WHEREFORE**, the plaintiff respectfully moves that this Court consolidate the case of *RTFE Delaware, LLC v. Harry W. Healey, Jr.*, United States District Court, Civil Action No: 04-11703REK with the action known as *Robert J. Zammito, Jr., et als. v. Harry W. Healey, Jr., et als*, United States District Court, Civil Action No: 04-101610REK.

Respectfully submitted;

THE DEFENDANT AND
COUNTERCLAIM PLAINTIFF

By his attorneys:

*/s/ Stephen Lyons*
Stephen J. Lyons
(BBO#309840)
KLIEMAN, LYONS, SCHINDLER
 & GROSS
21 Custom House Street
Boston MA 02110
Telephone: 617.443.1000

Dated: August 2, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party via first class mail on August 2, 2004.

*/s/ Stephen Lyons*
Stephen J. Lyons

5