IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10161-REK

| | |
|---|---|
| ROBERT J. ZAMMITO, JR.;<br>PAUL M. ZAMMITO;<br>CHRISTOPHER ZAMMITO; and<br>VALARIE A. MORDINI,<br>    Plaintiffs and Counterclaim Defendants<br><br>v.<br><br>HARRY W. HEALEY, JR., GRANTOR TRUST and<br>PETER W. HEALEY as Trustee of<br>HARRY W. HEALEY, JR., GRANTOR TRUST,<br>    Defendants and Counterclaim Plaintiffs<br><br>HARRY W. HEALEY, JR. individually, and as Trustee of<br>THE HUNTINGTON FORBES CHARITABLE<br>REMAINDER TRUST;<br><br>HUNTINGTON FORBES, LTD.;<br>STANTON CUMMINGS, LTD.;<br>PETER W. HEALEY, as Trustee of<br>THE HEALEY GRANDCHILDREN'S TRUST – II,<br>    Third Party Plaintiffs<br>    Third Party Defendants in Counterclaim<br><br>v.<br><br>ROBERT J. ZAMMITO, SR.;<br>VALERIE L. ZAMMITO;<br>ASA HOLDING COMPANY, INC.; and<br>THE ASA HOLDINGS LP,<br>    Third Party Defendants<br>    Third Party Plaintiffs in Counterclaim<br>    Third Party Plaintiffs<br><br>v.<br><br>JOHN A. MALLOY, III and<br>WILLIAM R. HEALEY,<br>    Third Party Defendants<br><br>MELLON BANK (aka Mellon Trust of New England),<br>    Bank Trustee | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF JOHN MALLOY, III TO THIRD PARTY COMPLAINT**

Third Party Defendant, John Malloy, III, as his answer to the Third Party Complaint respectfully responds as follows:

1. The Third Party Defendant admits the allegations contained in Paragraph 1 upon information and belief.

2. The Third Party Defendant admits the allegations contained in Paragraph 2 upon information and belief.

3. The Third Party Defendant admits the allegations contained in Paragraph 3 upon information and belief.

4. The Third Party Defendant admits the allegations contained in Paragraph 4 upon information and belief.

5. The Third Party Defendant admits the allegations contained in Paragraph 5 upon information and belief.

6. The Third Party Defendant admits the allegations contained in Paragraph 6 upon information and belief.

7. The Third Party Defendant admits the allegations contained in Paragraph 7 upon information and belief.

8. The Third Party Defendant admits the allegations contained in Paragraph 8 upon information and belief.

9. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. The Third Party Defendant admits the allegations contained in Paragraph 10 upon information and belief.

11. The Third Party Defendant admits the allegations contained in Paragraph 11 upon information and belief.

12. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. The Third Party Defendant admits that he is an individual residing in Plymouth, Massachusetts but denies the remaining allegations contained in Paragraph 16.

17. The Third Party Defendant admits the allegations contained in Paragraph 17 upon information and belief.

18. The Third Party Defendant admits that in 1975, Robert J. Zammito, Sr., was involved in the creation of an ambulance company known as Norfolk- Bristol County Ambulance Service with offices in Foxborough and Mansfield, Massachusetts but denies the remaining allegations contained in Paragraph 18.

19. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. The Third Party Defendant admits that he introduced Robert J. Zammito, Sr. to Harry W. Healey, Jr., but denies the remaining allegations contained in Paragraph 25.

26. The Third Party Defendant denies the allegations contained in Paragraph 26.

27. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. The Third Party Defendant admits that upon information and belief by the early 1990's, Norfolk-Bristol County Ambulance Service had changed its name to Ambulance Systems of America, Inc., but denies the remaining allegations contained in Paragraph 32.

33. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. The Crossclaim Defendants deny the allegations contained in Paragraph 35 except that former executives of Chaulk Ambulance remained associated with Ambulance Services of America, Inc.

36. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

## COUNT I
## COLORNET GRAPHICS LLC
## BREACH OF CONTRACT

45. The Third Party Defendant repeats and incorporates by reference his answers set forth in Paragraphs 1 through 44 above.

46. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47. In further responding, the allegations contained in Paragraphs 45-47 do not apply to the Third Party Defendant.

## COUNT II
## NEW ENGLAND ROLL-OFF SERVICES LLC
## BREACH OF CONTRACT

48. The Third Party Defendant repeats and incorporates by reference his answers set forth in Paragraphs 1 through 47 above.

49.  The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50.  The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.  In further responding, the allegations contained in Paragraphs 48-50 do not apply to the Third Party Defendant.

## COUNT III
## NORFOLK-BRISTOL AMBULANCE COMPANY, INC.
## BREACH OF CONTRACT

51.  The Third Party Defendant repeats and incorporates by reference his answers set forth in Paragraphs 1 through 50 above.

52.  The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53.  The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54.  The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55.  The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

56.  The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57.  The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59. In further responding, the allegations contained in Paragraphs 51-59 do not apply to the Third Party Defendant.

## COUNT IV
## BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

60. The Third Party Defendant repeats and incorporates by reference his answers set forth in Paragraphs 1 through 59 above.

61. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

62. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62. In further responding, the allegations contained in Paragraphs 60-62 do not apply to the Third Party Defendant.

## COUNT V
## ABUSE OF PROCESS

63. The Third Party Defendant repeats and incorporates by reference his answers set forth in Paragraphs 1 through 62 above.

63. The Crossclaim is misnumbered. The Third Party Defendant, however, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 (sic).

8

64. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65.

66. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66. In further responding, the allegations contained in Paragraphs 63-66 do not apply to the Third Party Defendant.

**COUNT VI**
**BREACH OF CONTRACT**
**HARTE TOYOTA**

67. The Third Party Defendant repeats and incorporates by reference his answers set forth in Paragraphs 1 through 66 above.

68. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.

69. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69.

70. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

71. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71. In further responding, the allegations contained in Paragraphs 67-71 do not apply to the Third Party Defendant.

## COUNT VII
## 93A

72. The Third Party Defendant repeats and incorporates by reference his answers set forth in Paragraphs 1 through 71 above.

73. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73.

74. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74. In further responding, the allegations contained in Paragraphs 72-74 do not apply to the Third Party Defendant.

## COUNT VIII
## NCPS/NDVS
## BREACH OF CONTRACT

75. The Third Party Defendant repeats and incorporates by reference his answers set forth in Paragraphs 1 through 74 above.

76. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76.

77. The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77. In further responding, the allegations contained in Paragraphs 75-77 do not apply to the Third Party Defendant.

## COUNT VIII (sic)
## FE HOLDINGS, INC.
## BREACH OF CONTRACT

78.    The Third Party Defendant repeats and incorporates by reference his answers set forth in Paragraphs 1 through 77 above.

79.    The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

80.    The Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80.  In further responding, the allegations contained in Paragraphs 78-80 do not apply to the Third Party Defendant.

### SECOND DEFENSE

The Third Party Complaint fails to state any claims against the Third Party Defendant.

### THIRD DEFENSE

The Third Party Complaint is barred by the doctrine of estoppel.

### FOURTH DEFENSE

The Third Party Complaint is barred by the Plaintiffs' fraud.

### FIFTH DEFENSE

The Third Party Complaint is barred by reason of laches.

### SIXTH DEFENSE

The Third Party Complaint is barred pursuant to the doctrine of unclean hands.

## SEVENTH DEFENSE

To the extent that the Third Party Defendant was bound by any fiduciary duty, the Third Party Defendant has fully performed such duty.

## EIGHTH DEFENSE

The Third Party Complaint is insubstantial, frivolous and not advanced in good faith entitling the Third Party Defendant to his reasonable attorneys fees and costs pursuant to Massachusetts General Laws Chapter 231 Section 6F.

## NINTH DEFENSE

If the Third Party Plaintiffs have sustained any damage or loss as alleged in their complaint, which the Third Party Defendant denies, such damage or loss was caused by the negligent and/or intentional conduct of the Third Party Plaintiffs and/or their agents.

## TENTH DEFENSE

The Third Party Plaintiffs are barred from recovery by their failure to commence this action within the statutory time required.

## ELEVENTH DEFENSE

The Third Party Plaintiffs are barred from recovery by the doctrine of waiver.

## TWELFTH DEFENSE

The Third Party Defendant reserves the right to assert other matters constituting an avoidance or affirmative defenses.

**WHEREFORE,** the Third Party Defendant requests that the Court dismiss the Plaintiffs' Third Party Complaint.

Respectfully submitted;

THE THIRD PARTY DEFENDANT

By his attorneys:

*Stephen J. Lyons*
Stephen J. Lyons
(BBO#309840)
KLIEMAN, LYONS, SCHINDLER
 & GROSS
21 Custom House Street
Boston MA 02110
Telephone: 617.443.1000

Dated: August 18, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail on August 18, 2004.

*Stephen J. Lyons*
Stephen J. Lyons, Esq.

13