IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10161-REK

| | |
|---|---|
| ROBERT J. ZAMMITO, JR.; <br> PAUL M. ZAMMITO; <br> CHRISTOPHER ZAMMITO; and <br> VALARIE A. MORDINI, <br>     Plaintiffs and Counterclaim Defendants <br><br> v. <br><br> HARRY W. HEALEY, JR., GRANTOR TRUST and <br> PETER W. HEALEY as Trustee of <br> HARRY W. HEALEY, JR., GRANTOR TRUST, <br>     Defendants and Counterclaim Plaintiffs <br><br> HARRY W. HEALEY, JR. individually, and as Trustee of <br> THE HUNTINGTON FORBES CHARITABLE <br> REMAINDER TRUST; <br><br> HUNTINGTON FORBES, LTD.; <br> STANTON CUMMINGS, LTD.; <br> PETER W. HEALEY, as Trustee of <br> THE HEALEY GRANDCHILDREN'S TRUST – II, <br>     Third Party Plaintiffs <br>     Third Party Defendants in Counterclaim <br><br> v. <br><br> ROBERT J. ZAMMITO, SR.; <br> VALERIE L. ZAMMITO; <br> ASA HOLDING COMPANY, INC.; and <br> THE ASA HOLDINGS LP, <br>     Third Party Defendants <br>     Third Party Plaintiffs in Counterclaim <br>     Third Party Plaintiffs <br><br> v. <br><br> JOHN A. MALLOY, III and <br> WILLIAM R. HEALEY, <br>     Third Party Defendants <br><br> MELLON BANK (aka Mellon Trust of New England), <br>     Bank Trustee | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR TO DISMISS**

**NOW COMES** the third party defendant, John A. Malloy, III, and along with his answer to the complaint herein, hereby moves pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure for judgment on the pleadings. In the alternative, the third party defendant moves pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure to dismiss the third party complaint on the grounds that the third party complaint fails to state a claim upon which relief can be granted. The grounds for these motions are stated herein as follows:

1.  On December 24, 2003, Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito and Valarie A. Mordini (collectively "plaintiffs") commenced an action against the Defendants and Counterclaim Plaintiffs by filing a complaint in the Massachusetts Superior Court entitled *Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito and Valarie A. Mordini v. Harry W. Healey, Grantor Trust and Peter W. Healey, As Trustee*, Suffolk Superior Court, Civil Action No: 03-6083BLS.

2.  In that action, defendant, Harry W. Healey, Jr., brought counterclaims against the plaintiffs alleging violations of 18 U.S.C., Sections 1961-1968, the Racketeer Influenced and Corrupt Organizations Act. In his counterclaim, defendant, Harry W. Healey, Jr., asserts a right to recover the sum of at least $3,369,641, exclusive of interest, costs, punitive damages, attorneys fees and other damages. Thus, the controversy involved a Federal question or claim or right arising under the Constitution, Treaties or Laws of the United States (28 U.S.C., Section 1331) and was removed to the United States District Court pursuant to 28 U.S.C., Section 1441(b) on January 23, 2004 and is

2

presently known as *Robert J. Zammito, Jr., et als v. Harry W. Healey, Jr., et als*, Civil Action No: 04-10161OREK.

3. On January 23, 2004, that action was properly removed pursuant to 28 U.S.C., Section 1441(b) to the United States District Court on grounds that this Court has original jurisdiction founded on a claim involving a Federal question or claim or right arising under the Constitution, Treaties or Laws of the United States (28 U.S.C., Section 1331) and is known as *Robert J. Zammito, Jr., et als. v. Harry W. Healey, Jr., et als*, United States District Court, Civil Action No: 04-10161OREK.

4. On April 12, 2004, the plaintiffs filed their reply to the counterclaims, third party answer and third party complaint. In addition to asserting certain spurious and frivolous crossclaims against the defendants and counterclaim plaintiffs, the plaintiffs named John A. Malloy, III as one of two third party defendants named in that action. The plaintiffs served the third party defendant, John A. Malloy, III, with a copy of their reply to the counterclaims, third party answer and third party complaint on August 16, 2004.

5. The third party defendant, John A. Malloy, III, is entitled to judgment on the pleadings or, in the alternative, to dismissal of the complaint against him on the grounds that while he is named as a third party defendant in the caption and Paragraph 16 of the so-called third party complaint, none of the Nine (9) Counts contained therein apply or even mention John A . Malloy, III and appear to be directed solely against the defendant and counterclaim plaintiff, Harry W. Healey, Jr. to wit:

a. Count I alleges *inter alia* that the plaintiffs, relying upon the advice of Harry W. Healey, Jr., and William Healey, invested in a company known as Colornet Graphics, LLC and that Healey is in breach of contract and owes ASA Holdings LP the sum of $150,000. As such, Paragraphs 45 through 47 of the so-called third party complaint do not apply to or state a claim against the third party defendant, John A. Malloy, III.

b. Count II alleges *inter alia* that the plaintiffs, relying upon the advice of Harry W. Healey, Jr. invested in a company known as New England Roll Off Services, LLC and that relying upon Healey's advice, the plaintiffs hired William Healey and that Healey is in breach of contract and owes ASA Holdings LP the sum of $93,750. As such, Paragraphs 48 through 50 of the so-called third party complaint do not apply to or state a claim against the third party defendant, John A. Malloy, III.

c. Count III alleges *inter alia* that the plaintiffs, relying upon certain representations Harry W. Healey, Jr. allegedly made to Robert Zammito, Sr., caused Norfolk Bristol Ambulance Company, Inc. with Healey and that Healey is in breach of contract and owes ASA Holdings LP the sum of $3,800,000. As such, Paragraphs 51 through 59 of the so-called third party complaint do not apply to or state a claim against the third party defendant, John A. Malloy, III.

d. Count IV alleges *inter alia* that defendant Healey's "actions violated the implied covenant of good faith and fair dealing implicit in every contract" and that the "Zammitos entities suffered damages". As such, Paragraphs 60 through 62 of the so-called third party complaint do not apply to or state a claim against the third party defendant, John A. Malloy, III.

e. Count V alleges *inter alia* that "the Healey defendants filed a baseless lawsuit and continue to prosecute it for the purpose of damaging the Zammito entities" and that Healey made allegations which are false. As such, Paragraphs 63 through 66 of the so-called third party complaint do not apply to or state a claim against the third party defendant, John A. Malloy, III.

f. Count VI alleges *inter alia* that "Zammito retained the services of Healey to provide investment advice with regard to the purchase of Harte Toyota" and that "Healey so negligently and poorly performed his obligations that . . . Healey breached the contract with Mr. Zammito". As such, Paragraphs 67 through 71 of the so-called third party complaint do not apply to or state a claim against the third party defendant, John A. Malloy, III.

g. Count VII alleges *inter alia* that "Healey's actions constituted unfair and deceptive practices under Massachusetts General

Laws, Chapter 93A, and have caused significant damages to Counterclaim Plaintiffs and Third Party Plaintiffs". As such, Paragraphs 72 through 74 of the so-called third party complaint do not apply to or state a claim against the third party defendant, John A. Malloy, III.

h. Count VIII alleges *inter alia* that the Zammito children through ASA LP relied upon the advice of Healey in making certain investments in entities known as NCPS, Inc. and NDVS, Inc. and that Healey owes ASA the sum of $371,250. As such, Paragraphs 75 through 77 of the so-called third party complaint do not apply to or state a claim against the third party defendant, John A. Malloy, III.

i. Count VIII (sic) alleges *inter alia* that "Healey, as investment advisor to the Zammito children, advised them to invest in FE Holdings, Inc." and that Healey owes ASA approximately $274,500. As such, Paragraphs 78 through 80 of the so-called third party complaint do not apply to or state a claim against the third party defendant, John A. Malloy, III.

6. The so-called third party complaint contains no request for relief or other reference to John A. Malloy, III and, therefore, does not state a claim or apply to him.

6

7.   A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings. It will succeed only if the facts alleged by the plaintiff, taken as true, would not be sufficient to justify a judgment in the plaintiff's favor. The plaintiff is entitled to the presumption that all well-pleaded factual averments in the complaint are true, and the Court must indulge all reasonable inferences stemming from those allegations that favor the plaintiff. On the other hand, "bald assertions" and unsupported conclusions do not qualify as "well-pleaded" facts, and are of no assistance to a plaintiff in defeating a motion to dismiss. *See, Doyle v. Hasbro, Inc, 103 F.3d 186, 190 (1st Cir. 1996); Dartmouth Review v. Dartmouth College, 889 F2d 113, 15 (1st Cir. 1989).*

8.   Even in cases removed from state court, the adequacy of pleadings is measured by the federal rules. *See, Hanna v. Plumer, 380 U.S. 460, 14 L.Ed. 2d 8, 85 S.Ct. 1136 (1965); Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985).* Federal Rules of Civil Procedure 8(a)(2) governs most pleadings and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief".

9.   The so-called third party complaint fails to pass muster even under this indulgent standard. While John A. Malloy, III is named in the caption and identified as a third party defendant in Paragraph 16, none of the nine (9) counts contained in the third party complaint allege facts which refer, apply to, or even mention John A. Malloy, III and appear directed solely at defendant, Healey. The third party complaint merely states by way of background in Paragraphs 25 and 26 that Norfolk Bristol County Ambulance Service had "an existing banking

relationship with John A. Malloy, III" and that Malloy told Zammito that "the company needed to improve its financial controls" and "Malloy then introduced him to Harry W. Healy, Jr.". "Unbeknownst to Mr. Zammito at that time, Healey and Malloy had enjoyed a long standing personal and business relationship". Clearly, even when viewed in a light most favorable to the plaintiff, such background "allegations" are completely insufficient to support, either directly or by inference, *any* material elements necessary to sustain a claim upon which relief can be granted. *See, Pujol v. Shearson American Exp., Inc., 877 F.2d 132, 138 (1st Cir. 1989); Gooley v. Mobil Oil Corp., 851 F.2d 513, 514-15 (1st Cir. 1988).* There is simply insufficient information to allow the third party defendant to frame a responsive pleading. *See, Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. Denied, 461 U.S. 944, 77 L.Ed. 2d 1301, 103 S. Ct. 2121 (1983).*

10. According to the scheduling order filed jointly by the parties in this action and adopted by the court on April 1, 2004, the time within which a party may file motions to join other parties or amend the pleadings expired on July 5, 2004. Therefore, the plaintiffs and third party defendants may not amend their third party complaint at this time.

**WHEREFORE:** for all of the foregoing reasons, the so-called third party defendant, John A. Malloy, III, is entitled to judgment on the pleadings or, in the

alternative, the dismissal of the so-called third party complaint against him because it fails to state the claim upon which may be granted.

Respectfully submitted;

THE THIRD PARTY DEFENDANT

By his attorneys:

_____
Stephen J. Lyons
(BBO#309840)
KLIEMAN, LYONS, SCHINDLER
 & GROSS
21 Custom House Street
Boston MA 02110
Telephone: 617.443.1000

Dated: August 18, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail on August 18, 2004.

_____
Stephen J. Lyons, Esq.