UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10161-REK

| | |
|---|---|
| ROBERT J. ZAMMITO, JR.,<br>PAUL M. ZAMMITO,<br>CHRISTOPHER ZAMMITO and<br>VALARIE A. MORDINI,<br>    Plaintiffs and Counterclaim Defendants,<br>v.<br>HARRY W. HEALEY, JR., GRANTOR TRUST<br>and PETER W. HEALEY, as Trustee of<br>HARRY W. HEALEY, JR., GRANTOR TRUST,<br>    Defendants and Counterclaim Plaintiffs<br><br>HARRY W. HEALEY, JR., individually, and as<br>Trustee of THE HUNTINGTON FORBES<br>CHARITABLE REMAINDER TRUST,<br>HUNTINGTON FORBES, LTD.,<br>STANTON CUMMINGS, LTD.,<br>PETER W. HEALEY, as Trustee of<br>THE HEALEY GRANDCHILDREN'S TRUST – II,<br>    Third-Party Plaintiffs,<br>    Third-Party Defendants in Counterclaim<br>v.<br>ROBERT J. ZAMMITO, SR.,<br>VALERIE L. ZAMMITO,<br>ASA HOLDINGS, INC., and<br>ASA HOLDINGS LP,<br>    Third-Party Defendants,<br>    Third-Party Plaintiffs in Counterclaim,<br>    Third-Party Plaintiffs,<br>v.<br>JOHN A. MALLOY, III and<br>WILLIAM R. HEALEY,<br>    Third-Party Defendants<br><br>MELLON BANK<br>(a/k/a Mellon Trust of New England),<br>    Bank Trustee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE PLAINTIFFS' OPPOSITION TO JOHN A. MALLOY III'S "MOTION FOR JUDGMENT ON PLEADINGS AND/OR TO DISMISS"**

The Plaintiffs hereby submit their opposition to John A. Malloy, III's ("Malloy") *"Motion for Judgment on the Pleadings and/or to Dismiss"* (hereinafter the "Motion"). As grounds therefor, the Plaintiffs assert that the Motion is both procedurally defective and substantively baseless. As set forth in greater detail below, Malloy is a necessary party to this litigation as he is an admitted trustee of the Healey W. Healey, Jr. Grantor Trust (the "Trust"), the maker of promissory notes to the Plaintiffs. Thus, Malloy's attempt to dismiss himself from this litigation will prejudice the Plaintiffs' ability to obtain a complete judgment against the Trust. In further support of their Opposition, the Plaintiffs state as follows:

## BACKGROUND

On or about October 31, 1999, the Trust executed and delivered certain promissory notes (the "Notes") to the Plaintiffs. Peter W. Healey executed the Notes on behalf of the Trust.

The Trust defaulted under the terms and conditions of the Notes by failing to pay the Notes on October 31, 2003 when they came due. The Plaintiffs brought an action in the Suffolk Superior Court to enforce the terms and conditions of the Notes (the "Suffolk Litigation"). In the Suffolk Litigation, the Plaintiffs named the Trust and Peter W. Healey, as trustee of the Trust as defendants. At the commencement of the Suffolk Litigation, the Plaintiffs were unaware that Malloy was a trustee of the Trust.

Neither the Trust nor Harry Healey joined Malloy as a party. In their Counterclaim, however, the Trust acknowledged that Malloy is a trustee of the Trust. The Trust and Peter W. Healey removed the Suffolk Litigation to this Court.

2

In the Third-Party Complaint, the Plaintiffs identified Malloy as a trustee of the Trust. *See Third-Party Complaint at ¶ 9 and ¶ 16.* The Third-Party Complaint, therefore, put Malloy on notice that that the claims against him stem from his role as a trustee of the Trust that is the maker of the Notes.

### ARGUMENT AND AUTHORITIES

In filing the Motion, Malloy ignored basic Massachusetts trust law, the Rules of Federal Procedure and the Local Rules of this Court. Accordingly, and as set forth in greater detail below, the Motion should be denied.

**A. Trust law mandates that Malloy be a party even if there are no individual claims against him.**

It has long been held in Massachusetts that a trust, other than a business trust, "is not a legal entity which can be sued directly." Morrison v. Lennett, 415 Mass. 857, 859-860, 616 N.E. 2d 92 (1993), *citing,* Larson v. Sylvester, 282 Mass. 352, 357, 185 N.E. 44 (1933)(a trust is "not a legal personality" and as such "it can not be sued"). Instead, "a contract with regard to the rights and property affected by trusts are the contracts of the trustee." Id. Therefore, according to Massachusetts trust law, the Plaintiffs needed to insure that Malloy was a party to the litigation in order to obtain full and complete relief against the Trust for default on the Notes. *See* Equilease Corp v. D'Annolfo, 6 Mass. App. Ct. 919, 379 N.E. 2d 1130 (1978)(where several trustees held the trust assets jointly and approval of all trustees required in matters affecting trust, all trustees are necessary parties to an action concerning trust).

Malloy proclaims that the Motion is meritorious because "none of the Nine (9) Counts . . . apply or even mention John A. Malloy, III". Again, a review of Massachusetts trust law vitiates this argument. Where Malloy is not the signatory on the

Notes, there are no individual claims against him.[1] Rather, his only "liability" stems from being a trustee for the Trust that is obligated on the Notes. As set forth above, however, he must be a party for there to be a full and complete resolution to this litigation *even if there are no claims alleged against him individually*. Accordingly, the Motion lacks merit and should be denied.

### B. The Trust should have joined Malloy as a party.

It was only after the commencement of the Suffolk Litigation that Healey revealed that Malloy is a trustee of the Trust.[2] It would have been proper at the time of filing its Counterclaim for the Trust to join Malloy as either an indispensable party or necessary party to the litigation pursuant to Rule 19 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 19; *see also* Parikh v. Franklin Medical Center, Inc., 163 F.R.D. 167, 169 (D. Mass. 1995)(to achieve "judicial economies of scale" interested parties "should be added if feasible"). Because the Trust failed to voluntarily add Malloy, the Plaintiffs were forced to do so via the Third-Party Complaint. By identifying Malloy as a trustee of the Trust, the Third-Party Complaint properly puts him on notice of the basis his inclusion in this litigation and allows him to defend.[3] *See* Fed.R.Civ.P 8(a).

---

[1] Peter W. Healey, who did execute the Notes on behalf of the Trust, has individual liability pursuant to these Notes. *See* Alfano v. Donnelly, 285 Mass. 554, 555, 189 N.E. 610 (1934)(a qualification that a contract is signed by a trustee on behalf of a trust "is mere surplusage"). The trustee is not "acting as a representative or agent of another" but is instead "acting for himself. . .with fiduciary obligations to others". *See* Larson, *supra.*

[2] In answering the Third-Party Complaint filed against him, Malloy denied that he was a trustee of the Trust. Malloy apparently forgot that the Trust had already admitted in its Counterclaim that he was a trustee.

[3] Indeed, Malloy has already filed his Answer to the Third-Party Complaint. Thus, he is clearly not confused as to why he is a party in this litigation.

### C. Malloy's counsel failed to initiate a conference before filing the Motion.

Malloy's counsel failed to initiate a conference in accordance with Local Rule 7.1(a)(2) to discuss the merits of the Motion in an attempt to narrow the dispute. Had counsel for Malloy adhered to this Court's Local Rules, and allowed the Plaintiffs the opportunity to explain the reasons for including Malloy in this litigation, he might have been dissuaded from filing the Motion. Because he failed to comply with the Court's Local Rules, the Plaintiffs should receive their costs in opposing the Motion.

## CONCLUSION

As the foregoing demonstrates, Malloy is a necessary party to this litigation pursuant to both Massachusetts trust law and the Federal Rules of Civil Procedure. As such, the Motion should be denied.

**WHEREFORE**, the Plaintiffs respectfully request that this Court enter an order:

1. Denying John A. Malloy, III's Motion for Judgment on the Pleadings and/or to Dismiss;

2. Award the Plaintiffs their costs in having to file this opposition based upon counsel for Malloy's failure to adhere to Local Rule 7.1; and

3. For such other and further relief as this Court deems just and proper.

> Respectfully submitted,
> COUNTERCLAIM PLAINTIFFS AND
> THIRD-PARTY PLAINTIFFS
> By their attorneys,
>
> _____
> Kevin M. Considine (BBO #542253)
> Timothy M. Mitchelson (BBO #630331)
> Kevin M. Considine, P.C.
> One Boston Place – 28th Floor
> Boston, MA 02108
> 617-723-9900

Dated: August 31, 2004

## CERTIFICATE OF SERVICE

I, Timothy M. Mitchelson, hereby certify that I have this 31st day of August 2004, served a copy by regular mail of the foregoing upon Stephen J. Lyons, Esq., Kleiman, Lyons, Schindler & Gross, 21 Custom House Street, Boston, Massachusetts 02110.

_____
Timothy M. Mitchelson