IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10161-REK

| | |
|---|---|
| ROBERT J. ZAMMITO, JR.;<br>PAUL M. ZAMMITO;<br>CHRISTOPHER ZAMMITO; and<br>VALARIE A. MORDINI,<br>　　Plaintiffs and Counterclaim Defendants<br><br>v.<br><br>HARRY W. HEALEY, JR., GRANTOR TRUST and<br>PETER W. HEALEY as Trustee of<br>HARRY W. HEALEY, JR., GRANTOR TRUST,<br>　　Defendants and Counterclaim Plaintiffs<br><br>HARRY W. HEALEY, JR. individually, and as Trustee of<br>THE HUNTINGTON FORBES CHARITABLE<br>REMAINDER TRUST;<br><br>HUNTINGTON FORBES, LTD.;<br>STANTON CUMMINGS, LTD.;<br>PETER W. HEALEY, as Trustee of<br>THE HEALEY GRANDCHILDREN'S TRUST – II,<br>　　Third Party Plaintiffs<br>　　Third Party Defendants in Counterclaim<br><br>v.<br><br>ROBERT J. ZAMMITO, SR.;<br>VALERIE L. ZAMMITO;<br>ASA HOLDING COMPANY, INC.; and<br>THE ASA HOLDINGS LP,<br>　　Third Party Defendants<br>　　Third Party Plaintiffs in Counterclaim<br>　　Third Party Plaintiffs<br><br>v.<br><br>JOHN A. MALLOY, III and<br>WILLIAM R. HEALEY,<br>　　Third Party Defendants<br><br>MELLON BANK (aka Mellon Trust of New England),<br>　　Bank Trustee | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR TO DISMISS
AS TO THE HARRY W. HEALEY, JR. GRANTOR TRUST
WITH STATEMENT OF REASONS AND LEGAL AUTHORITIES**

**NOW COMES** the counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust, and hereby moves pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure for judgment on the pleadings.  In the alternative, the counterclaim defendant moves pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure to dismiss the third-party complaint on the grounds that the counterclaims asserted therein fail to state claims upon which relief can be granted.  The grounds for these motions are stated herein as follows:

1.  On December 24, 2003, Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito and Valarie A. Mordini (collectively "plaintiffs") commenced an action against the Defendants and Counterclaim Plaintiffs by filing a complaint in the Massachusetts Superior Court entitled *Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito and Valarie A. Mordini v. Harry W. Healey, Grantor Trust and Peter W. Healey, As Trustee*, Suffolk Superior Court, Civil Action No: 03-6083BLS.

2.  In that action, defendant, Harry W. Healey, Jr., brought counterclaims against the plaintiffs alleging violations of 18 U.S.C., Sections 1961-1968, the Racketeer Influenced and Corrupt Organizations Act and other causes of action.  In their counterclaims, defendants assert a right to recover the sum of at least $3,369,641, exclusive of interest, costs, punitive damages, attorneys fees and other damages.  Thus, the controversy involved a Federal question or claim or right arising under the Constitution, Treaties or Laws of the United States (28 U.S.C., Section 1331) and was removed to the United States District Court pursuant to 28 U.S.C., Section 1441(b) on January 23, 2004 and is

presently known as *Robert J. Zammito, Jr., et als v. Harry W. Healey, Jr., et als*, Civil Action No: 04-101610REK.

3.   On January 23, 2004, that action was properly removed pursuant to 28 U.S.C., Section 1441(b) to the United States District Court on grounds that this Court has original jurisdiction founded on a claim involving a Federal question or claim or right arising under the Constitution, Treaties or Laws of the United States (28 U.S.C., Section 1331) and is known as *Robert J. Zammito, Jr., et als. v. Harry W. Healey, Jr., et als*, United States District Court, Civil Action No: 04-101610REK.

4.   On April 12, 2004, the plaintiffs filed their reply to the counterclaims, third-party answer and third-party complaint.  In addition to asserting certain spurious and frivolous crossclaims against Harry W. Healey, Jr., individually, the plaintiffs named the Harry W. Healey, Jr., Grantor Trust, as one of seven (7) "Counterclaim Defendants" named in that action.  The plaintiffs served the counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust, with a copy of their reply to the counterclaims, third-party answer and third-party complaint on or about April 16, 2004.

5.   In their so-called counterclaim and third-party complaint, the Zammitos name a total of nine (9) counterclaim and thirty-party defendants: Harry W. Healey, Jr., William R. Healey, Peter W. Healey, John A. Malloy, III, Huntington Forbes, Ltd., Stanton Cummings, Ltd., the Harry W. Healey, Jr., Grantor Trust, Huntington Forbes Charitable Remainder Trust, and, The Healey Grandchildren's Trust-II.  *See, Third Party Complaint, Paragraphs 9 through 17.*

However, as discussed below, the third-party complaint, which contains nine (9) separate (but mis-numbered) counts, only states claims against one of the named defendants: Harry W. Healey, Jr., individually.

6. For purposes of this motion, it is significant that in naming Harry W. Healey, Jr., as a defendant, the third party complaint captures his name and all subsequent references to him individually as "Healey". Paragraph 11 of the third-party complaint clearly states:

> "Counterclaim Defendant, Harry W. Healey, Jr., ("Healey"), is an individual residing in Hingham, Plymouth County, Massachusetts. Healey is President of Huntington Forbes, Ltd. ("HF-Ltd.") and Stanton Cummings, Ltd., ("SC-Ltd.").

*Id. at Paragraph 11*. Thus, with the exception of Count IV, which does not identify a defendant, all eight (8) remaining counts name only Healey individually as the sole defendant.

7. The so-called counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust, is entitled to judgment on the pleadings or, in the alternative, to dismissal of the complaint against it on the grounds that while the Trust is named as a counterclaim defendant in the caption and in Paragraph 9 of the so-called third-party complaint, none of the Nine (9) Counts contained therein apply to the Harry W. Healey, Jr., Grantor Trust but are instead clearly directed solely against the defendant and counterclaim plaintiff, Harry W. Healey, Jr., individually to wit:

   a. Count I alleges *inter alia* that the plaintiffs, relying upon the advice of Harry W. Healey, Jr., and William Healey, invested in a company known as Colornet Graphics, LLC and that "Healey" is in breach of contract and owes ASA Holdings LP

4

the sum of $150,000. As such, Paragraphs 45 through 47 of the so-called third-party complaint do not apply to or state a claim against the counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust, but are instead directed solely against Harry W. Healey, Jr., individually;

b.  Count II alleges *inter alia* that the plaintiffs, relying upon the advice of Harry W. Healey, Jr. invested in a company known as New England Roll Off Services, LLC and "[i]n accordance with the agreement of the parties, Healey received a one-sixth (1/6) interest in the Company for which he owed ASA ninety-three thousand seven hundred fifty ($93,750) dollars. Healey never paid for his interest, and thereby breached the contract". As such, Paragraphs 48 through 50 of the so-called third-party complaint do not apply to or state a claim against the counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust, but are instead directed solely against Harry W. Healey, Jr., individually.

c.  Count III alleges *inter alia* that the plaintiffs, relying upon certain representations Harry W. Healey, Jr. allegedly made to Robert Zammito, Sr., caused Norfolk Bristol Ambulance Company, Inc. to enter into a contract with "Healey" and that "Healey" is in breach of contract and owes ASA Holdings LP the sum of $3,800,000. As such, Paragraphs 51 through 59

of the so-called third-party complaint do not apply to or state a claim against the counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust, but are instead directed solely against Harry W. Healey, Jr., individually.

d. Count IV alleges *inter alia* that defendant Healey's "actions violated the implied covenant of good faith and fair dealing implicit in every contract" and that the "Zammitos entities suffered damages". As such, Paragraphs 60 through 62 of the so-called third-party complaint do not apply to or state a claim against the counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust, but are instead directed solely against Harry W. Healey, Jr., individually.

e. Count V alleges *inter alia* that "the Healey Defendants filed a baseless lawsuit and continue to prosecute it for the purpose of damaging the Zammito entities" and that "Healey's" allegations "are false, and made with fraudulent intent". As such, Paragraphs 63 through 66 of the so-called third-party complaint do not apply to or state a claim against the counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust.

f. Count VI alleges *inter alia* that "Zammito retained the services of "Healey" to provide investment advice with regard to the purchase of Harte Toyota" and that "Healey so

negligently and poorly performed his obligations that . . . Healey breached the contract with Mr. Zammito". As such, Paragraphs 67 through 71 of the so-called third-party complaint do not apply to or state a claim against the counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust but are instead directed solely against Harry W. Healey, Jr., individually.

g. Count VII alleges *inter alia* that "Healey's actions constituted unfair and deceptive practices under Massachusetts General Laws, Chapter 93A, and have caused significant damages to Counterclaim Plaintiffs and Third Party Plaintiffs". As such, Paragraphs 72 through 74 of the so-called third-party complaint do not apply to or state a claim against the counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust but are instead directed solely against Harry W. Healey, Jr., individually.

h. Count VIII alleges *inter alia* that the Zammito children through ASA LP relied upon the advice of "Healey" in making certain investments in entities known as NCPS, Inc. and NDVS, Inc. and that "Healey received a one-sixth (1/6) interest in the Company for which he owed ASA three hundred seventy-one thousand two hundred fifty ($371,250) dollars" and that "Healey never paid for his interest, and

|   |   |
|---|---|
|   | thereby breached the contract". As such, Paragraphs 75 through 77 of the so-called third-party complaint do not apply to or state a claim against the counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust, but are instead directed solely against Harry W. Healey, Jr., individually. |
| i. | Count VIII (sic) alleges *inter alia* that "Healey, as investment advisor to the Zammito children, advised them to invest in FE Holdings, Inc." and that "Healey received a one-sixth interest in the Company for which he owed ASA approximately two hundred forty-seven thousand five hundred ($247,500) dollars" and that "Healey never paid for his interest, and thereby breached the contract". As such, Paragraphs 78 through 80 of the so-called third-party complaint do not apply to or state a claim against the counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust, but are instead directed solely against Harry W. Healey, Jr., individually. |

8. The so-called third-party complaint contains no request for relief or other reference to the Harry W. Healey, Jr., Grantor Trust and, therefore, does not state a claim against or which applies to the Trust.

9. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings. It will succeed only if the facts alleged by the plaintiff, taken as true, would not be sufficient to justify a judgment in the plaintiff's favor. The plaintiff is

entitled to the presumption that all well-pleaded factual averments in the complaint are true, and the Court must indulge all reasonable inferences stemming from those allegations that favor the plaintiff. On the other hand, "bald assertions" and unsupported conclusions do not qualify as "well-pleaded" facts, and are of no assistance to a plaintiff in defeating a motion to dismiss. *See, Doyle v. Hasbro, Inc, 103 F.3d 186, 190 (1st Cir. 1996); Dartmouth Review v. Dartmouth College, 889 F2d 113, 15 (1st Cir. 1989).*

10. When adjudicating a motion to dismiss under Rule 12(b)(6), the court must apply the notice pleading requirements of Rule 8(a)(2). *Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61, 66-67 (1st Cir. 2004).* Under that lenient rule, the complaint needs only to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).* This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Educadores, 367 F.3d at 66.*

11. Still, "notice pleading notwithstanding, Rule 12(b)(6) is not entirely a toothless tiger." *Educadores, 367 F.3d at 67 (quoting Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989)).* In any action subject to notice pleading standards, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why – although why, when why means the actor's state of mind, can be averred generally." *Id. at 67-68.* Thus, while requirements of Rule 8(a) (2) are minimal, "minimal requirements are not

9

tantamount to nonexistent requirements." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988).

12. Finally, when evaluating a motion to dismiss under Rule 12(b) (6), the court must "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." *Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987) (citation and internal quotation marks omitted). Such eschewal is merely an application of Rule 8(a)(2), not a heightened pleading standard and has been applied equally in all types of cases. *Educadores*, 367 F.3d at 68; see also, *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 18 (1st Cir. 2002) (holding plaintiff to this standard in a bankruptcy action); *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir. 1998)(holding plaintiff to this standard in an action alleging breach of contract and intentional infliction of emotional distress).

13. Even in cases removed from state court, the adequacy of pleadings is measured by the federal rules. *See, Hanna v. Plumer*, 380 U.S. 460, 14 L.Ed. 2d 8, 85 S.Ct. 1136 (1965); *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985). Federal Rules of Civil Procedure 8(a)(2) governs most pleadings and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief".

14. The so-called third party complaint fails to pass muster even under this indulgent standard. While the Harry W. Healey, Jr., Grantor Trust, is named in the caption and identified as a counterclaim defendant in Paragraph 9, none of the nine (9) counts contained in the third-party complaint allege facts which refer, apply to, or seek relief from The Harry W. Healey, Jr. Grantor Trust and are

10

instead directed solely at defendant, Harry W. Healey, Jr., individually. The third-party complaint merely states by way of background in Paragraph 9 that "Counterclaim Defendant, Harry W. Healey Grantor Trust ("HWHG-Trust"), is a Massachusetts irrevocable trust created by Declaration of Trust made at Boston, Massachusetts on January 13, 1995. Harry W. Healey, Jr., ("Healey") is Grantor of the Grantor Trust. Peter W. Healey ("Peter Healey") and John A. Malloy ("Malloy") are Trustees of the HWHG-Trust". Clearly, even when viewed in a light most favorable to the plaintiff, such background "allegations" are completely insufficient to support, either directly or by inference, *any* material elements necessary to sustain a claim upon which relief can be granted. *See, Pujol v. Shearson American Exp., Inc., 877 F.2d 132, 138 (1st Cir. 1989); Gooley v. Mobil Oil Corp., 851 F.2d 513, 514-15 (1st Cir. 1988).* There is simply insufficient information to allow the counterclaim defendant to frame a responsive pleading. *See, Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. Denied, 461 U.S. 944, 77 L.Ed. 2d 1301, 103 S. Ct. 2121 (1983).*

15. According to the scheduling order filed jointly by the parties in this action and adopted by the court on April 1, 2004, the time within which a party may file motions to join other parties or amend the pleadings expired on July 5, 2004. Therefore, the plaintiffs and third-party defendants may not amend their third-party complaint at this time.

**WHEREFORE:** for all of the foregoing reasons, the so-called counterclaim defendant, the Harry W. Healey, Jr., Grantor Trust, is entitled to judgment on the pleadings or, in the alternative, the dismissal of the so-called

third-party complaint against it because it fails to state any claim upon which relief may be granted.

>Respectfully submitted;
>
>THE COUNTERCLAIM DEFENDANT
>
>By his attorneys:
>
>_____
>Stephen J. Lyons
>(BBO#309840)
>KLIEMAN, LYONS, SCHINDLER
>  & GROSS
>21 Custom House Street
>Boston MA 02110
>Telephone: 617.443.1000

Dated: June 6, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on June 6, 2005.

>_____
>Stephen J. Lyons, Esq.