UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10161-REK

| | |
|---|---|
| ROBERT J. ZAMMITO, JR.,<br>PAUL M. ZAMMITO,<br>CHRISTOPHER ZAMMITO and<br>VALARIE A. MORDINI,<br>    Plaintiffs,<br>        v.<br>HARRY W. HEALEY, JR., GRANTOR TRUST<br>and PETER W. HEALEY, as Trustee of<br>HARRY W. HEALEY, JR., GRANTOR TRUST,<br>    Defendants<br><br>HARRY W. HEALEY, JR., individually, and as<br>Trustee of THE HUNTINGTON FORBES<br>CHARITABLE REMAINDER TRUST,<br>HUNTINGTON FORBES, LTD.,<br>STANTON CUMMINGS, LTD.,<br>PETER W. HEALEY, as Trustee of<br>THE HEALEY GRANDCHILDREN'S TRUST – II,<br>    Third-Party Plaintiffs,<br>    Third-Party Defendants in Counterclaim<br>        v.<br>ROBERT J. ZAMMITO, SR.,<br>VALERIE L. ZAMMITO,<br>ASA HOLDINGS, INC., and<br>ASA HOLDINGS LP,<br>    Third-Party Defendants,<br>    Third-Party Plaintiffs in Counterclaim,<br>    Third-Party Plaintiffs,<br>        v.<br>JOHN A. MALLOY, III and<br>WILLIAM R. HEALEY,<br>    Third-Party Defendants<br><br>MELLON BANK<br>(a/k/a Mellon Trust of New England),<br>    Bank Trustee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>PLAINTIFFS AND THIRD-PARTY DEFENDANTS' MOTION<br>FOR PARTIAL SUMMARY JUDGMENT</u>**

Pursuant to Fed.R.Civ.P. 56, Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito, Valarie A. Mordini (collectively "the Zammito Children"); Robert J. Zammito, Sr., Valerie L. Zammito, ASA Holdings, Inc. and ASA Holdings LP (collectively, hereinafter, "the Zammitos") hereby move for partial summary judgment against the Harry W. Healey, Jr., Grantor Trust, and Peter W. Healey, as Trustee of the Harry W. Healey, Jr., Grantor Trust (the "Grantor Trust"); Harry W. Healey, Jr., Individually, ("Healey") and as Trustee of the Huntington Forbes Charitable Remainder Trust; Huntington Forbes, Ltd., Stanton Cummings, Ltd., and Peter W. Healey, as Trustee of the Healey Grandchildren's Trust II, (collectively "the Healey Defendants").

As set forth in greater detail in the Memorandum of Law submitted herewith, the Zammitos assert that they are entitled to judgment as a matter of law as to forty of the forty-five Counts in the Healey Defendants' Counterclaim and Third Party Complaint. In further support of this Motion, and in accordance with Rule 56.1 of the Local Rules, the Zammitos assert the following material facts of record have no genuine issue to be tried:

### CONCISE STATEMENT OF MATERIAL FACTS

1.  In or around October, 1999, Peter W. Healey, as Trustee of the Grantor Trust, executed and delivered to the Zammito Children certain recourse and non-recourse promissory notes for the purpose of purchasing a minority interest in National Check Protection Service, Inc. and National Data Verification Service, Inc. (hereinafter "NCPS/NDVS"). *See Complaint at ¶ 8 and 14.*

2.  The Notes became due and payable on October 31, 2003. *See Complaint at ¶ 12 and 18.*

3.  Neither the Grantor Trust nor any of the other the Healey Defendants

made any payments on the Notes, even after they came due. *See Affidavit of Timothy M. Mitchelson, Esquire (hereinafter "Mitchelson Aff.") at Ex. D (Deposition of Peter W. Healey at 13:22-14:11); see also Id. at Ex. A (11/29/04 Deposition of Harry W. Healey, Jr. (hereinafter "Healey Depo") at 150:10-14).*

4. Peter W. Healey never spoke with any of the Zammito Children prior to executing the Notes. *See Mitchelson Aff. at Ex. D (Deposition of Peter W. Healey at 16:5-10).*

5. Only Healey was present when Peter W. Healey executed the Notes on behalf of the Grantor Trust. *Id. at 16:11-14.*

6. None of the Zammito Children were present when Peter W. Healey executed the Notes. *Id. at 16:15-16.*

7. In September 2002, Robert J. Zammito, Jr. sent various people and entities, including Healey, a letter on Fleet Environmental Services, LLC ("Fleet") letterhead inquiring whether members of the limited liability company were willing to commit additional capital to Fleet. *See Counterclaim and Third Party Complaint at Ex. 3 and Mitchelson Aff. at Ex. V..*

8. Healey claims that, prior to sending the foregoing letter, Robert J. Zammito, Jr. informed Healey that he did not expect Healey to provide Fleet with a capital influx. *See Mitchelson Aff at Ex. E.*

9. The Healey Defendants only claim of fraudulent misrepresentation against Valerie L. Zammito is that financial statements were faxed to Healey from her home in Mashpee. *See Mitchelson Aff. at Ex. A (11/30/04 Healey Depo at 99:9-19).*

10. There is no written agreement signed by the Zammitos that obligates the

Zammitos to pay Healey a commission. *See Mitchelson Aff. at Ex. A (11/30/04 Healey Depo at 129:3-20); see also Id. at Ex. B (11/12/04 Robert J. Zammito, Sr. Depo at 332:19-21).*

11.     The alleged oral commission agreement was for "negotiating the purchase of" the Zammito Children's acquisition of companies. *See Mitchelson Aff. at Ex. A (11/30/04 Healey Depo at 139:6-13).*

12.     Nearly all of Healey's claims for commissions accrued by early 2000. *See Counterclaim and Third Party Complaint.*

13.     Healey's "negotiating" included the following:

- "Identifying the prospective parties". *Id. at 144:5-145:9;*
- "Providing information concerning prospective parties". *Id.;* and
- "Negotiating the transaction". *Id.*

14.     The September 27, 2001, letter from Kevin P. Martin CPA, which Healey claims evidences a "writing" that overcomes the Statute of Frauds, is not addressed to Healey. *See Mitchelson Aff at Ex. H.*

15.     Healey's letter with the date "October 9, 2001" states "I am in receipt of your summary of the Zammito Healey transactions dated October 4, 2001 and frankly don't understand any of it." *See Mitchelson Aff. at Ex. I.* This letter further states, "nowhere did I indicate nor has anyone asked or raised the issue of my being responsible for debt. . . I would not have agreed to be responsible for any debt whatsoever." *Id.*

16.     Neither Valerie L. Zammito nor Robert J. Zammito, Sr. is a shareholder in National Check Protection Service, Inc., National Data Verification Service, Inc., Fleet Environmental Services LLC, Colornet Graphics LLC, Skyways Communications LLC

or New England Roll-Off LLC. *See Mitchelson Aff. at Ex. B (11/11/04 Robert J. Zammito, Sr. Depo at 23:19-28:3); see also Mitchelson Aff. at Ex. J ( Deposition of Valerie L. Zammito at 20:13-22:2).*

17. According to the Government's claim, the alleged ASA, Inc. Medicare fraud occurred from "January 1, 1993 to December 31, 1998." *See Mitchelson Aff. at Ex. K (AMR Settlement Agreement and Release at p.3 ¶ G).*

18. The last activity the Zammitos or Healey had with any ambulance company, and specifically ASA, occurred in or around October, 1995, when American Medical Response acquired ASA. *See Counterclaim and Third Party Complaint at ¶ 43.*

19. Healey was aware of the Government's investigation when it began in 1996. *See e.g. Counterclaim and Third Party Complaint at ¶ 60.*

20. Healey was one of the Stockholder Representatives for the Escrow Fund so no payments would have been made from this fund without his knowledge. *See Mitchelson Aff. at Ex. S.*

21. According to a June 7, 2002, memorandum to the "former stockholders of [ASA]" the settlement caused almost a nine million dollar reduction in the escrow account. *See Mitchelson Aff. at Ex. L.* At the time of its establishment, and at the date of this memorandum, the Zammitos owned over 18% of this escrow fund while the Healey Defendants owned less than 5%.

22. The Exchange Agreement whereby NCPS/NDVS was recast as a business trust expressly stated that the shareholders were exchanging "his or her Company Shares for Shares of Beneficial Interest in the Trust . . . so that, upon completion of such exchange, **each of the Stockholders shall have exactly the same ownership**

**percentage in the Trust as his or her former ownership percentage in the Company.**
*See Mitchelson Aff. at Ex. M (Exchange Agreement for NCPS)(emphasis added).*

23. Healey has admitted that he received health insurance paid by NCPS for years prior to September 2001, even though he was not employed by NCPS/NDVS. *See Mitchelson Aff. at Ex. A (11/30/04 Healey Depo at 57:9-11).*

24. In 1999, Healey instructed Janet Graham of NCPS to "pull out" all expenses that were "unrelated" to NCPS. *See Mitchelson Aff. at Ex. N (Deposition of Janet Graham at 28:11-29:8).*

25. As instructed by Healey, Ms. Graham created a year-end expense table with certain expenses unrelated to NCPS (including those of the Zammitos and Healey) in the column marked "Reclassify." *Id. at 32:1-13; see also Mitchelson Aff. at Ex. O.*

26. The Healey Defendants have only alleged six (6) predicate acts. *See Counterclaim and Third Party Complaint.*

27. The Healey Defendants only allegations of wire fraud stem from faxes Robert J. Zammito, Sr. sent from his house on Cape Cod to Healey's home in Hingham, Massachusetts. *See Mitchelson Aff. at Ex. P (Supplemental Answers of the Defendant, Harry W. Healey Jr. to Plaintiffs' First Set of Interrogatories at p. 26).*

28. The management fees that NCPS/NDVS paid to the Zammitos were clearly listed in NCPS/NDVS financial statements. *See Mitchelson Aff at Ex. Q (NCPS/NDVS 1999-2003 Year-End Financial Statements).*

29. Healey was provided copies of NCPS/NDVS financial reports on a monthly basis from 1996 to 2002. *See Mitchelson Aff. at Ex. A (11/30/04 Healey Depo at 79:2-80:14).*

30. NCPS/NDVS was sold to a third party in May 2005.

31. Fleet stopped paying management fees to the Zammitos in January 2002. *See Mitchelson Aff. at Ex. R (Deposition of Brian J. House 81:9-82:17).*

**WHEREFORE,** Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito, Valarie A. Mordini, Robert J. Zammito, Sr., Valerie L. Zammito, ASA Holdings, Inc. and ASA Holdings LP respectfully request that this Court enter an order:

1. Entering summary judgment in favor of Robert J. Zammito, Jr., Paul M. Zammito, Christopher Zammito, and Valarie A. Mordini and against the Harry W. Healey, Jr., Grantor Trust and Peter W. Healey, as the Trustee of Harry W. Healey, Jr., Grantor Trust as to Counts I-VIII of the Complaint; and

2. Entering summary judgment in favor of Robert J. Zammito, Sr., and against the Harry W. Healey, Jr., Grantor Trust, Peter W. Healey, as Trustee of the Harry W. Healey, Jr., Grantor Trust, Harry W. Healey, Jr., Individually, and as Trustee of the Huntington Forbes Charitable Remainder Trust, Huntington Forbes, Ltd., Stanton Cummings, Ltd., and Peter W. Healey, as Trustee Of The Healey Grandchildren's Trust II as to Counts I, III, IV, V, VI, VII, VIII, and IX of the Healey Defendants' Counterclaim and Third Party Complaint; and

3. Entering summary judgment in favor of Valerie L. Zammito, and against the Harry W. Healey, Jr., Grantor Trust, Peter W. Healey, as Trustee of the Harry W. Healey, Jr., Grantor Trust, Harry W. Healey, Jr., Individually, and as Trustee of the Huntington Forbes Charitable Remainder Trust,

Huntington Forbes, Ltd., Stanton Cummings, Ltd., and Peter W. Healey, as Trustee Of The Healey Grandchildren's Trust II as to Counts X, XI, XII, XIII, XIV, and XV of the Healey Defendants' Counterclaim and Third Party Complaint; and

4. Entering summary judgment in favor of Robert J. Zammito, Jr. and against the Harry W. Healey, Jr., Grantor Trust, Peter W. Healey, as Trustee of the Harry W. Healey, Jr., Grantor Trust, Harry W. Healey, Jr., Individually, and as Trustee of the Huntington Forbes Charitable Remainder Trust, Huntington Forbes, Ltd., Stanton Cummings, Ltd., and Peter W. Healey, as Trustee Of The Healey Grandchildren's Trust II as to Counts XVI, XVII, XVIII, XIX, XXI, and XXII of the Healey Defendants' Counterclaim and Third Party Complaint; and

5. Entering summary judgment in favor of Paul M. Zammito, and against the Harry W. Healey, Jr., Grantor Trust, Peter W. Healey, as Trustee of the Harry W. Healey, Jr., Grantor Trust, Harry W. Healey, Jr., Individually, and as Trustee of the Huntington Forbes Charitable Remainder Trust, Huntington Forbes, Ltd., Stanton Cummings, Ltd., and Peter W. Healey, as Trustee Of The Healey Grandchildren's Trust II as to Counts XXIII, XXIV, XXV, XXVI, XXVIII, XXIX of the Healey Defendants' Counterclaim and Third Party Complaint; and

6. Entering summary judgment in favor of Christopher Zammito, and against the Harry W. Healey, Jr., Grantor Trust, Peter W. Healey, as Trustee of the Harry W. Healey, Jr., Grantor Trust, Harry W. Healey, Jr., Individually,

and as Trustee of the Huntington Forbes Charitable Remainder Trust, Huntington Forbes, Ltd., Stanton Cummings, Ltd., and Peter W. Healey, as Trustee Of The Healey Grandchildren's Trust II as to Counts XXX, XXXI, XXXII, XXXIII, XXXV and XXXVI of the Healey Defendants' Counterclaim and Third Party Complaint;

7. Entering summary judgment in favor of Valarie A. Mordini, and against the Harry W. Healey, Jr., Grantor Trust, Peter W. Healey, as Trustee of the Harry W. Healey, Jr., Grantor Trust, Harry W. Healey, Jr., Individually, and as Trustee of the Huntington Forbes Charitable Remainder Trust, Huntington Forbes, Ltd., Stanton Cummings, Ltd., and Peter W. Healey, as Trustee Of The Healey Grandchildren's Trust II as to Counts XXXVII, XXXVIII, XXXIX, XL, XLII, and XLIII of the Healey Defendants' Counterclaim and Third Party Complaint; and

8. Entering summary judgment in favor of ASA Holdings, Inc., and against the Harry W. Healey, Jr., Grantor Trust, Peter W. Healey, as Trustee of the Harry W. Healey, Jr., Grantor Trust, Harry W. Healey, Jr., Individually, and as Trustee of the Huntington Forbes Charitable Remainder Trust, Huntington Forbes, Ltd., Stanton Cummings, Ltd., and Peter W. Healey, as Trustee Of The Healey Grandchildren's Trust II as to Count XLIV of the Healey Defendants' Counterclaim and Third Party Complaint; and

9. Entering summary judgment in favor of ASA Holdings, LP, and against the Harry W. Healey, Jr., Grantor Trust, Peter W. Healey, as Trustee of the Harry W. Healey, Jr., Grantor Trust, Harry W. Healey, Jr., Individually,

and as Trustee of the Huntington Forbes Charitable Remainder Trust, Huntington Forbes, Ltd., Stanton Cummings, Ltd., and Peter W. Healey, as Trustee Of The Healey Grandchildren's Trust II as to Counts XLV of the Healey Defendants' Counterclaim and Third Party Complaint; and

10. For such other and further relief as this Court deems just and proper.

> ROBERT J. ZAMMITO, JR., et al.,
> By their attorneys,
>
> _____
> Kevin M. Considine (BBO #542253)
> Timothy M. Mitchelson (BBO #630331)
> Kevin M. Considine, P.C.
> One Boston Place – 28th Floor
> Boston, MA 02108
> 617-723-9900

Dated: June 6, 2005

## RULE 7.1 CERTIFICATION

I, Timothy M. Mitchelson, state that on May 31, 2005, I conferred with counsel for the Healey Defendants in a good faith attempt to resolve or narrow issues regarding this matter.

_____
Timothy M. Mitchelson

## REQUEST FOR ORAL ARGUMENT

As per Rule 7.1(D), the Plaintiffs and Third-Party Defendants request an oral argument on their Partial Motion for Summary Judgment on the basis that oral argument may assist the Court.

## CERTIFICATE OF SERVICE

I, Timothy M. Mitchelson, hereby certify that I have this 6th day of June 2005, served a copy by hand delivery of the foregoing to Stephen J. Lyons, Esq., Kleiman, Lyons, Schindler & Gross, 21 Custom House Street, Boston, Massachusetts 02110.

_____
Timothy M. Mitchelson