UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10161-REK

ROBERT J. ZAMMITO, JR., )
PAUL M. ZAMMITO, )
CHRISTOPHER ZAMMITO and )
VALARIE A. MORDINI, )
    Plaintiffs, )
        v. )
HARRY W. HEALEY, JR., GRANTOR TRUST )
and PETER W. HEALEY, as Trustee of )
HARRY W. HEALEY, JR., GRANTOR TRUST, )
    Defendants )
     )
HARRY W. HEALEY, JR., individually, and as )
Trustee of THE HUNTINGTON FORBES )
CHARITABLE REMAINDER TRUST, )
HUNTINGTON FORBES, LTD., )
STANTON CUMMINGS, LTD., )
PETER W. HEALEY, as Trustee of )
THE HEALEY GRANDCHILDREN'S TRUST – II, )
    Third-Party Plaintiffs, )
    Third-Party Defendants in Counterclaim )
        v. )
ROBERT J. ZAMMITO, SR., )
VALERIE L. ZAMMITO, )
ASA HOLDINGS, INC., and )
ASA HOLDINGS LP, )
    Third-Party Defendants, )
    Third-Party Plaintiffs in Counterclaim, )
    Third-Party Plaintiffs, )
        v. )
JOHN A. MALLOY, III and )
WILLIAM R. HEALEY, )
    Third-Party Defendants )
     )
MELLON BANK )
(a/k/a Mellon Trust of New England), )
        Bank Trustee. )

**PLAINTIFFS AND THIRD-PARTY DEFENDANTS' RESPONSE TO HARRY W. HEALEY, JR.'S "STATEMENT OF MATERIAL FACTS OF RECORD AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED"**

In accordance with Local Rule 56.1, the Plaintiffs and Third Party Defendants (the "Zammitos") hereby submit their response to Harry W. Healey, Jr.'s "Statement of Material Facts of Record As to Which There Is No Genuine Issue To Be Tried."

1. **Admitted.**

2. **Admitted.**

3. **Admitted.**

4. **Admitted.**

5. **Admitted.**

6. **Admitted.**

7. **Admitted.**

8. **Admitted.**

9. **Admitted.**

10. **Admitted.**

11. **Admitted.**

12. **Admitted.**

13. **Admitted.**

14. **Admitted.**

15. **Admitted.**

16. **Admitted.**

17. **Admitted.**

18. **Admitted.**

19. **Denied.** NCPS no longer exists.

20. **Denied.** NDVS no longer exists.

21. **Admitted.**

22. **Admitted.**

23. **Admitted.**

24. **Admitted.**

25. **Admitted.**

26. **Qualified.** Healey was hired to "advise [Norfolk-Bristol] on its financial controls." *See Affidavit of Robert J. Zammito, Sr. filed 4/12/04 (hereinafter "Zammito Aff.") at ¶ 26.*

27. **Admitted.**

28. **Admitted in part and denied in part:** Healey fails to accurately state Robert J. Zammito, Sr.'s response to this admission. Mr. Zammito actually stated that he denied, "Healey began to negotiate" but that he admitted, "Healey was part of a team that began to negotiate the possible merger of ASA-Inc. and AmNet-Inc." In addition, ¶ 33 of the Zammitos' Third Party Complaint states in relevant part "Mr. Zammito agreed that Healey would get the ten (10%) percent interest conditioned on the merger with Chaulk taking place."

29. **Admitted.**

30. **Admitted.**

31. **Admitted.**

32. **Denied.** The Escrow Agreement speaks for itself.

33. **Denied.** The Escrow Agreement speaks for itself.

34. **Admitted.**

35. **Denied.** ¶ 42 of the Zammitos' Third Party Complaint actually states in relevant part: "Healey approached Mr. Zammito about continuing a professional relationship."

36. **Denied:** Stanton Cummings was never part of the consideration. Instead, to the extent this agreement existed, Healey has testified that it was between Robert J. Zammito, Sr. and him. *See Affidavit of Harry W. Healey, Jr. dated 1/22/04 (hereinafter "Healey Aff.") at ¶ 49.*

37. **Denied.** Healey has testified under oath that he considered the 10% to be a commission. *See e.g. Healey Aff. at ¶ 49.*

38. **Denied**: Healey has stated under oath that he identified NCPS/NDVS. *See Healey Aff. at ¶ 51.* Moreover Robert J. Zammito, Sr. has testified that he never acquired NCPS/NDVS and never had any ownership interest in NCPS/NDVS. *See Mitchelson Aff. at Ex. B (11/11/04 Robert J. Zammito, Sr. Depo at 22:4-23:12 and 23:19-26:22.* Finally, the Zammitos have maintained that Healey never had an option to purchase.

39. **Denied:** Healey has stated under oath that he, and not Stanton Cummings, acquired the interest in NCPS/NDVS. *See Healey Aff. at ¶ 54 and 74.*

40. **Qualified:** The United States' investigation involved more than just Norfolk-Bristol. Instead, several predecessors of ASA were involved. *See Volume II of Healey Appendix at Ex. 19;see also Zammito Aff. at ¶ 38*

41. **Admitted.**

42. **Admitted.**

43.    **Denied.** The "qui tam" complaint speaks for itself. *See Volume II of Healey Appendix at Ex. 18.*

44.    **Denied.** The Settlement Agreement between AMR and the United States Attorney speaks for itself. *See Volume II of Healey Appendix at Ex. 19.*

45.    **Denied:** Although Healey claims that Stanton Cummings acquired the interest in Colornet; the check that paid for this acquisition was drawn on Healey's personal account. *See Mitchelson Aff. at Ex. G.* Moreover Robert J. Zammito, Sr. has testified that he had no ownership of his children's companies. *See Mitchelson Aff. at Ex. B (11/11/04 Robert J. Zammito, Sr. Depo at 22:4-23:12 and 23:19-26:22.* Finally, the Zammitos have maintained that Healey never had an option to purchase.

46.    **Denied**: Healey again fails to accurately state Robert J. Zammito, Sr.'s response to this admission. Mr. Zammito actually denied that "there was any agreement" but that he admitted, "*Healey* acquired a 1/6 interest in Skyways." Moreover Robert J. Zammito, Sr. has testified that he had no ownership of his children's companies. *See Mitchelson Aff. at Ex. B (11/11/04 Robert J. Zammito, Sr. Depo at 22:4-23:12 and 23:19-26:22.* Finally, the Zammitos have maintained that Healey never had an option to purchase.

47.    **Denied.** Again, Healey was part of a team that negotiated this acquisition. Moreover, Robert J. Zammito, Sr. had no interest in Fleet so the acquisition could not have been on his behalf. *See Mitchelson Aff. at Ex. B (11/11/04 Robert J. Zammito, Sr. Depo at 22:4-23:12 and 23:19-26:22.* Finally, the Zammitos have maintained that Healey never had an option to purchase.

48.    **Denied:** See response to ¶ 47.

49.     **Denied**: Healey again fails to accurately state Robert J. Zammito, Sr.'s response to this admission. Mr. Zammito actually denied that "there was any agreement" but that he admitted, "*Healey* acquired a 1/6 interest in NEROF-LLC." Moreover Robert J. Zammito, Sr. has testified that he had no ownership of his children's companies. *See Mitchelson Aff. at Ex. B (11/11/04 Robert J. Zammito, Sr. Depo at 22:4-23:12 and 23:19-26:22.* Finally, the Zammitos have maintained that Healey never had an option to purchase.

50.     **Admitted.**

51.     **Denied.** The Settlement Agreement expressly provided that there was no admission of liability. *See Volume II of Healey Appendix at Ex. 19.*

52.     **Denied.** *See Zammito Aff. at ¶ 40.*

ROBERT J. ZAMMITO, JR., et al.,
By their attorneys,

/s/ Timothy M. Mitchelson
Kevin M. Considine (BBO #542253)
Timothy M. Mitchelson (BBO #630331)
Kevin M. Considine, P.C.
One Boston Place – 28th Floor
Boston, MA 02108
617-723-9900

Dated: June 20, 2005

### CERTIFICATE OF SERVICE

I, Timothy M. Mitchelson, hereby certify that I have this 20th day of June 2005, served a copy by hand delivery of the foregoing to Stephen J. Lyons, Esq., Kleiman, Lyons, Schindler & Gross, 21 Custom House Street, Boston, Massachusetts 02110.

/s/ Timothy M. Mitchelson