IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10161-REK

| | |
|---|---|
| ROBERT J. ZAMMITO, JR.;<br>PAUL M. ZAMMITO;<br>CHRISTOPHER ZAMMITO; and<br>VALARIE A. MORDINI,<br>    Plaintiffs and Counterclaim Defendants<br>v.<br><br>HARRY W. HEALEY, JR., GRANTOR TRUST and<br>PETER W. HEALEY as Trustee of<br>HARRY W. HEALEY, JR., GRANTOR TRUST,<br>    Defendants and Counterclaim Plaintiffs<br><br>HARRY W. HEALEY, JR. individually, and as Trustee of<br>THE HUNTINGTON FORBES CHARITABLE<br>REMAINDER TRUST;<br><br>HUNTINGTON FORBES, LTD.;<br>STANTON CUMMINGS, LTD.;<br>PETER W. HEALEY, as Trustee of<br>THE HEALEY GRANDCHILDREN'S TRUST – II,<br>    Third Party Plaintiffs<br>    Third Party Defendants in Counterclaim<br><br>v.<br>ROBERT J. ZAMMITO, SR.;<br>VALERIE L. ZAMMITO;<br>ASA HOLDING COMPANY, INC.; and<br>THE ASA HOLDINGS LP,<br>    Third Party Defendants<br>    Third Party Plaintiffs in Counterclaim<br>    Third Party Plaintiffs<br><br>v.<br><br>JOHN A. MALLOY, III and<br>WILLIAM R. HEALEY,<br>    Third Party Defendants<br><br>MELLON BANK (aka Mellon Trust of New England),<br>    Bank Trustee | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' AND THIRD-PARTY PLAINTIFFS'
MOTION TO STRIKE REPLY BRIEF**

The Defendants and Third-Party Plaintiffs hereby move that the Court strike the Plaintiffs' and Third Party Defendants' Reply to Defendants' "Opposition to Plaintiffs and Third-Party Defendants' Motion for Partial Summary Judgment" ("the Reply"), which was filed on July 6, 2005 *without leave of Court*.

In other circumstances, where good cause is shown, the Defendants and Third-Party Plaintiffs would not oppose the filing of a reply brief. However, in this particular case, the Plaintiffs and Third-Party Defendants have attempted to advance reasons that are demonstrably untrue. Furthermore, in disregard of Local Rule 7.1, the Plaintiffs and Third Party Defendants filed the Reply on July 6 without leave of Court as required by the Rule. The only appropriate remedy for this attempted *fait d'accompli* is to strike the filing of the Reply.

In support of this Motion to Strike, the Defendants and Third-Party Plaintiffs further state:

On June 24, 2005, the Plaintiffs and Third Party Defendants filed a Motion for Leave to File Reply to Defendants' "Opposition to Plaintiffs and Third Party Defendants' Motion for Partial Summary Judgment" ("the Motion for Leave to File Reply"). In that Motion, they dishonestly asserted that "the Defendants have raised new claims relating to their RICO allegations in their Opposition. In their Counterclaim and Third Party Complaint, the Defendants claimed that the Zammitos had committed six (6) predicate acts of mail and wire fraud. In their Opposition, the Defendants now allege that the Zammitos have engaged in 'at least 121 separate predicate acts.'"

On March 18, 2005 undersigned counsel wrote to the attorneys representing Plaintiffs and Third Party Defendants in which he detailed (in eight pages) that

2

"discovery conducted to date has revealed at least 121 separate predicate acts". The 121 predicate acts, nearly all of which became known only after extensive discovery, were specifically described in the letter.

On April 20, Defendants and Third-Party Plaintiffs filed a Motion for Preliminary Injunction that again detailed the 121 predicate acts.

On May 16, Defendant and Counterclaim Plaintiff Harry W. Healey, Jr. filed his Supplemental Answers to Plaintiffs' First Set of Interrogatories that again detailed the 121 predicate acts.

On June 6, Plaintiffs and Third-Party Defendants filed their Motion for Partial Summary Judgment, in which they maintained the by now untenable assertion that the RICO claims were limited to only six predicate acts that were known to Defendants and Third-Party Plaintiffs at the time they filed their Counterclaims and Third Party Complaint.

On June 20, the Defendants and Third-Party Plaintiffs filed their Opposition to the Motion for Partial Summary Judgment, in which they presented all of the evidence of RICO violations, including the 121 predicate acts now known to them as a result of discovery, in an appropriate effort to prove that sufficient issues of material fact exist.

On June 24, the same day that the Plaintiffs and Third-Party Defendants filed their Motion for Leave to File Reply, the Defendants and Third-Party Plaintiffs filed their Opposition and asserted that, given the above-stated circumstances, the Plaintiffs' and Third-Party Defendants' feigned surprise at the "dramatic increase in the number of predicate acts" was disingenuous at best.

As of the date of the filing of this Motion to Strike Reply Brief, neither the Motion for Leave to File Reply has been docketed, nor has the Court taken any action on it. Nevertheless, the Plaintiffs and Third-Party Defendants have gone one unwarranted step further by circumventing the Local Rules of the United States District Court for the District of Massachusetts in filing their Reply. Rule 7.1 clearly prohibits this action. Rule 7.1 on Motion Practice provides for the submission of motions and oppositions to motions. *Rule 7.1(B)(1) and (B)(2)*. The Rule specifically states: "All other papers not filed as indicated in subsections (B)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court." *Rule 7.1(B)(3)*.

**WHEREFORE:** for all of the foregoing reasons, the Defendants' and Third-Party Plaintiffs' Motion to Strike Reply Brief should be allowed.

Respectfully submitted;

THE DEFENDANTS AND
THIRD-PARTY PLAINTIFFS AND
COUNTERCLAIM PLAINTIFFS

By their attorneys:

/s/ Stephen J. Lyons

Stephen J. Lyons
(BBO#309840)
KLIEMAN, LYONS, SCHINDLER
 & GROSS
21 Custom House Street
Boston MA 02110
Telephone: 617.443.1000

Dated: July 8, 2005

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on July 8, 2005.

_____
Stephen J. Lyons, Esq.