UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-101610REK

| | |
|---|---|
| ROBERT J. ZAMMITO, JR.,<br>PAUL M. ZAMMITO,<br>CHRISTOPHER ZAMMITO and<br>VALARIE A. MORDINI,<br>    Plaintiffs,<br><br>v.<br><br>HARRY W. HEALEY, JR., GRANTOR TRUST<br>and PETER W. HEALEY, as Trustee of<br>HARRY W. HEALEY, JR., GRANTOR TRUST,<br>    Defendants<br><br>HARRY W. HEALEY, JR., individually, as<br>Trustee of THE HUNTINGTON FORBES<br>CHARITABLE REMAINDER TRUST,<br>HUNTINGTON FORBES, LTD.,<br>STANTON CUMMINGS, LTD.,<br>PETER W. HEALEY, as Trustee of<br>THE HEALEY GRANDCHILDRENS'S TRUST – II,<br>    Third Party Plaintiffs,<br><br>v.<br><br>ROBERT J. ZAMMITO, SR.,<br>VALERIE L. ZAMMITO,<br>ASA HOLDING COMPANY, INC., and<br>THE ASA HOLDINGS LP,<br>    Third Party Defendants,<br><br>MELLON BANK (aka Mellon Trust of New England),<br>    Bank Trustee | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' AND THIRD PARTY DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO COURT'S REMAND**

In accordance with this Court's order of July 27, 2005, the Plaintiffs, Robert J.

Zammito, Jr., Paul M. Zammito, Christopher Zammito and Valarie A. Mordini (the

"Plaintiffs") as well as the Third-Party Defendants, Robert J. Zammito, Sr., Valerie L.

Zammito, ASA Holdings, Inc., ASA Holdings LP (the "Third-Party Defendants")(the Plaintiffs and the Third-Party Defendants may collectively be referred to as the "Zammitos") hereby submit their Memorandum of Law in Opposition to the Court's proposed remand of the litigation (the "Litigation") to the Massachusetts Superior Court. As grounds therefor, the Zammitos contend that 28 U.S.C. § 1441(c) would have permitted the Third-Party Defendants to remove the Litigation to this Court. As such, the pending Litigation is in its proper venue despite the fact that it was the improper removal by the Harry W. Healey and the other Defendants that brought the Litigation to this Court.

## PROCEDURAL HISTORY

On or about December 24, 2003, the Plaintiffs commenced the Litigation to recover amounts due pursuant to certain promissory notes (the "Notes") executed and delivered by Peter W. Healey in his capacity as Trustee of the Harry W. Healey, Jr. Grantor Trust (the "Grantor Trust"). The Complaint contained eight counts based solely on the Notes and sought relief solely from the Grantor Trust.

In response to the Complaint, the Grantor Trust filed a Counterclaim against the Plaintiffs alleging, among other things, violations of civil RICO. The Grantor Trust also named the Third-Party Defendants and levied the same claims against them as they had against the Plaintiffs.

Disregarding Mass.R.Civ.P. 14, Harry W. Healey, Jr. ("Healey") and various other Healey controlled entities (collectively the "Healey Parties") improperly interjected themselves as Third-Party Plaintiffs *in the same pleading as the Grantor Trust's Counterclaim and Third-Party Complaint*. The Healey Parties alleged the same claims as

the Grantor Trust against both the Plaintiffs and the Third Party Defendants, including civil RICO claims. After inappropriately inserting themselves in the Litigation, the Healey Parties removed the entire Litigation to this Court.

After a year and one-half of intense litigation, culminating in each side filing extensive dispositive motions, this Court has advised the Parties that it believes that the entire Litigation should be remanded back to the Massachusetts Superior Court. Before such remand, however, the Court has requested that the Parties submit a legal basis for the Court's retaining the Litigation. The Healey Parties have decided not to justify the procedural havoc they have created. *See August 3, 2005, Letter from Counsel for the Grantor Trust and the Healey Parties to this Court.* In a calculated move, the Healey Parties will allow this Court to remand the Litigation in the hopes that more time, and a different judge, might aid their failing claims. The Zammitos, however, contend that this Court is the proper, and best, venue for the Litigation.

## ARGUMENT AND AUTHORITIES

I.  *28 U.S.C. § 1441(c) Would Have Permitted The Third Party Defendants To Remove The Litigation To This Court Because The Civil RICO Claims That The Grantor Trust And The Healey Parties Alleged Against The Third Party Defendants Are "Separate And Independent" From The Plaintiffs' Claims To Payment On The Notes.*

   A.  **Unraveling the Healey Parties and Grantor Trust's Pleading.**

To determine whether this Court has jurisdiction over the Litigation, the pleadings' morass the Healey Parties created must be unraveled and each pleading in the Litigation must be examined separately. To begin, the Plaintiffs' Complaint fails to establish federal jurisdiction because it seeks solely to recover on the Notes and pits Massachusetts residents against a Massachusetts trust.

The Grantor Trust's Counterclaim against the Plaintiffs is the first to allege a federal statute. The Supreme Court, however, has held that the well-pleaded complaint rule precludes a counterclaim . . . "which appears as part of the defendant's answer, not as part of the plaintiff's complaint," from serving as the basis for "arising under" jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002) (the Court declined "to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule'") (emphasis in original). Therefore, just as this Court stated at the July 27, 2005 hearing, the Grantor Trust's Counterclaim against the Plaintiffs does not support removal.

Obscured by their less than "exquisite" pleading style is the fact that the Grantor Trust's and Healey Parties' Third-Party Complaint alleges claims, including civil RICO claims, against the Third-Party Defendants that are "separate and independent" from the Plaintiffs' action to collect on the Notes. Thus, as set forth below, the Third Party Defendants would have been able to remove the entire Litigation to this Court pursuant to 28 U.S.C. § 1441(c).

**B.    28 U.S.C. § 1441(c) permits removal by the Third Party Defendants.**

Section 1441(c) states:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

*28 U.S.C. § 1441(c)*

4

There is a split in the circuits regarding whether a third party defendant may use §1441(c) as a basis for removal where the plaintiff's complaint does not establish federal jurisdiction. The leading case in support of this notion is Carl Heck Engineers, Inc. v. Lafourche Parish Policy Jury, 622 F.2d 133 (5th Cir. 1980). In Carl Heck, the Fifth Circuit ruled that if the third party complaint states "a separate and independent claim which if sued upon alone could have been brought properly in federal court" then "there should be no bar to removal." Carl Heck, 622 F.2d at 136.

The cases declining to follow Carl Heck have primarily found that the third party complaint was not "separate and independent" from the plaintiff's original cause of action.[1] *See e.g.* First National Bank of Pulaski v. Curry, 301 F.3d 456, 466 (6th Cir. 2002)(court held that indemnity claim against third party defendant was not "separate and independent" from plaintiff's action to recover pursuant to promissory notes). According to the Supreme Court, a claim cannot be "separate and independent" if there is "a single wrong to plaintiff. . .arising from an interlocked series of transactions." American Fire & Casualty v. Finn, 341 U.S. 6, 14 (1951). In other words, a third party claim cannot be "separate and independent" if it is substantially derived from the same set of facts, or is contingent in some way, on the plaintiff's non-removable claim. New Venture Gear, Inc. v. Fonehouse, 982 F.Supp. 892, 893 (N.D.N.Y. 1997).

With its similar fact pattern and its explanation of "separate and independent" as it relates to a civil RICO claim, the case of Renaissance Center Venture v. Lozovoj, 884 F. Supp. 1132 (E.D. Mich. 1995), *aff'd*, 95 F.3d 1153 (6th Cir. 1996) provides an

---

[1] The only Massachusetts case discussing this issue declined to permit removal by a third party defendant when such removal was predicated on diversity. Coren by Jefferson v. Cardoza, 139 F.R.D. 561, 564 (D. Mass. 1991). In the instant case, because the Third-Party Defendants removal would be premised on federal jurisdiction, Cardoza would be inapplicable.

excellent example of how §1441(c) would apply to the Litigation. In Lozovoj, a landlord sued a commercial tenant for back rent. The tenant counterclaimed and brought a third party RICO action arising from alleged rate overcharges. The third party defendants removed the action to federal court. The court, relying on Carl Heck, viewed the RICO claim as "separate and independent" because "it was not at all contingent upon a finding of liability" on the "underlying claim for back rent." Lozovoj, 884 F. Supp. at 1138. According to the court, the "RICO claim could have been brought in a suit separate from the one filed by the original plaintiffs." Id.

Just as in Lozovoj, the Healey Parties and Grantor Trust's allegations against the Third Party Defendants are not contingent on the Plaintiffs' attempt to collect on the Notes. The Third-Party Defendants are not the holders of the Note, nor do they have any ownership of the company whose stock secures the Note. Moreover, none of the Healey Parties or Grantor Trust's claims against the Third-Party Defendants relies on the Notes for factual support. Therefore, the Healey Parties and Grantor Trust's claims against the Third Party Defendants would survive even if the Plaintiffs could not recover pursuant to the Notes. Accordingly, all of the Healey Parties and Grantor Trust's claims against the Third-Party Defendants are "separate and independent" from the Plaintiffs' case-in-chief. Finally, because the Healey Parties and Grantor Trust have alleged a "separate and independent" claim that arises under the Constitution [the civil RICO claim], the Third-Party Defendants would be permitted to remove the entire Litigation to this Court in accordance with 28 U.S.C. § 1441(c).

Based upon the foregoing, this Court may retain jurisdiction over the entire Litigation pursuant to 28 U.S.C. § 1441(c) despite the fact that it was removed to this Court because of the careless pleading of the Grantor Trust and the Healey Parties.

**WHEREFORE**, the Plaintiffs and Third-Party Defendants respectfully request that this Court enter an Order:

1. Retaining jurisdiction over the entire litigation; *or in the alternative;*

2. Enter a decision regarding the Plaintiffs and Third-Party Defendants' Motion for Summary Judgment regarding the civil RICO claims and, after entering such decision, remanding the entire litigation to Superior Court; and

3. Entering an order for such other and further relief as the Court deems just and proper.

ROBERT J. ZAMMITO, JR., et al,<br>
By their attorneys,<br>
<br>
/s/ Kevin M. Considine<br>
Kevin M. Considine (BBO #542253)<br>
Timothy M. Mitchelson (BBO #630331)<br>
Kevin M. Considine, P.C.<br>
One Boston Place – 28th Floor<br>
Boston, MA 02108<br>
617-723-9900

Dated: August 8, 2005

## CERTIFICATE OF SERVICE

I, Timothy M. Mitchelson, hereby certify that I have this 8th day of August 2005 served a copy by hand delivery of the foregoing upon Stephen J. Lyons, Esq., Kleiman, Lyons, Schindler & Gross, 21 Custom House Street, Boston, Massachusetts 02110.

_____
Timothy M. Mitchelson