UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| ROBERT J. ZAMMITO, JR., ) | |
| PAUL M. ZAMMITO, ) | |
| CHRISTOPHER ZAMMITO, and ) | |
| VALARIE A. MORDINI, ) | |
|     Plaintiffs ) | |
| ) | |
|     v. ) | CIVIL ACTION |
| ) | NO. 04-10161-REK |
| HARRY HEALEY, Grantor Trust, ) | |
| PETER W. HEALEY, as Trustee of Harry W. ) | |
| Healey, Jr., Grantor Trust, ) | |
|     Defendants ) | |
| ) | |
|     v. ) | |
| ) | |
| HARRY HEALEY, individually, and as Trustee ) | |
| of the Huntington Forbes Charitable Remainder ) | |
| Trust, ) | |
| HUNTINGTON FORBES, LTD., ) | |
| STANTON CUMMINGS, LTD., and ) | |
| PETER W. HEALEY, as Trustee of the Healey ) | |
| Grandchildren's Trust - II, ) | |
|     Third-Party Plaintiffs ) | |
| ) | |
|     v. ) | |
| ) | |
| ROBERT J. ZAMMITO, SR., ) | |
| VALERIE L. ZAMMITO, ) | |
| ASA HOLDING COMPANY, INC., and ) | |
| THE ASA HOLDINGS LP, ) | |
|     Third-Party Defendants ) | |
| ) | |
| MELLON BANK, ) | |
|     Trustee ) | |
| ) | |
|     v. ) | |
| ) | |
| ASA HOLDING COMPANY, INC., ) | |
| VALARIE A. MORDINI, ) | |
| THE ASA HOLDINGS LP, ) | |
| CHRISTOPHER ZAMMITO, ) | |

```
PAUL M. ZAMMITO,                                )
ROBERT J. ZAMMITO, JR.,                         )
ROBERT J. ZAMMITO, SR., and                     )
VALERIE L. ZAMMITO,                             )
       Counter-Claimants                        )
                                                )
       v.                                       )
                                                )
WILLIAM HEALEY and                              )
JOHN A. MALLOY, III,                            )
       Counter-Defendants                       )
_____         )
```

**Order of Remand**
September 13, 2005

### I.  Pending Matters

Pending for decision are matters related to the following filings:

(1) Motion for Judgment on the Pleadings and/or to Dismiss as to John A. Malloy, III With Statement of Reasons and Legal Authorities (Docket No. 38, filed June 6, 2005);

(2) Motion for Judgment on the Pleadings and/or to Dismiss as toWilliam R. Healey With Statement of Reasons and Legal Authorities (Docket No. 39, filed June 6, 2005);

(3) Motion for Judgment on the Pleadings and/or to Dismiss as to Harry W. Healey, Jr. Grantor Trust With Statement of Reasons and Legal Authorities (Docket No. 40, filed June 6, 2005);

(4) Motion for Judgment on the Pleadings and/or to Dismiss as to the Huntington Forbes Charitable Remainder Trust With Statement of Reasons and Legal Authorities (Docket No. 41, filed June 6, 2005);

(5) Motion for Judgment on the Pleadings and/or to Dismiss as to the Healey

Grandchildren's Trust-II With Statement of Reasons and Legal Authorities (Docket No. 42, filed June 6, 2005);

(6) Motion for Judgment on the Pleadings and/or to Dismiss as to Peter W. Healey With Statement of Reasons and Legal Authorities (Docket No. 43, filed June 6, 2005);

(7) Motion for Judgment on the Pleadings and/or to Dismiss as to Huntington Forbes, Ltd. With Statement of Reasons and Legal Authorities (Docket No. 44, filed June 6, 2005);

(8) Motion for Judgment on the Pleadings and/or to Dismiss as to Stanton Cummings Ltd. With Statement of Reasons and Legal Authorities (Docket No. 45, filed June 6, 2005);

(9) Motion for Judgment on the Pleadings and/or to Dismiss as to Harry W. Healey, Jr. With Statement of Reasons and Legal Authorities (Docket No. 46, filed June 6, 2005);

(10) Defendants' Statement Under Local Rule 7.1(A)(2) (Docket No. 47, filed June 6, 2005);

(11) Appendix to Motion For Summary Judgment and/or to Dismiss Counterclaims as to Harry W. Healey, Jr. Volume I (Docket No. 48, filed June 6, 2005);

(12) Appendix to Motion For Summary Judgment and/or to Dismiss Counterclaims as to Harry W. Healey, Jr. Volume II (Docket No. 49, filed June 6, 2005);

(13) Plaintiffs and Third-Party Defendants' Motion For Partial Summary Judgment (Docket No. 50, filed June 6, 2005);

(14) Memorandum of Law in Support of Plaintiffs and Third-Party Defendants' Motion For Summary Judgment (Docket No. 51, filed June 6, 2005);

(15) Affidavit of Timothy M. Mitchelson, Esquire in Support of Plaintiffs and Third-Party Defendants' Motion For Summary Judgment (Docket No. 52, filed June 6, 2005);

(16) Opposition to Plaintiffs and Third-Party Defendants' Motion For Partial Summary Judgment (Docket No. 53, filed June 20, 2005);

(17) Appendix to Opposition to Plaintiffs and Third-Party Defendants' Motion For Partial Summary Judgment Volume I (Docket No. 54, filed June 20, 2005);

(18) Appendix to Opposition to Plaintiffs and Third-Party Defendants' Motion For Partial Summary Judgment Volume II (Docket No. 55, filed June 20, 2005);

(19) Appendix to Opposition to Plaintiffs and Third-Party Defendants' Motion For Partial Summary Judgment Volume III (Docket No. 56, filed June 20, 2005);

(20) Affidavit of Harry W. Healey, Jr. (Docket No. 57, filed June 20, 2005);

(21) Expert Report of Jimmy S. Pappas, CPA, CFE (Docket No. 58, filed June 20, 2005);

(22) Plaintiffs and Third-Party Defendants' Opposition to Defendants' Motions "For Judgment on the Pleadings and/or to Dismiss" and Harry W. Healey, Jr.'s "Motion For Summary Judgment and/or to Dismiss" (Docket No. 59, filed June 20, 2005);

(23) Plaintiffs and Third-Party Defendants' Response to Harry W. Healey, Jr.'s "Statement of Material Facts of Record as to Which There is No Genuine Issue to Be Tried" (Docket No. 60, filed June 20, 2005);

(24) Affidavit of Timothy M. Mitchelson, Esquire in Support of Plaintiffs and Third-Party Defendants' Opposition to Defendants' Motions "For Judgment on the Pleadings and/or to Dismiss" and Harry W. Healey, Jr.'s "Motion For Summary Judgment and/or to

Dismiss" (Docket No. 61, filed June 20, 2005);

(25) Plaintiffs and Third-Party Defendants' Motion For Leave to File Reply to Defendants' "Opposition to Plaintiffs and Third-Party Defendants' Motion For Partial Summary Judgment" (Docket No. 62, filed June 24, 2005);

(26) Defendants' Opposition to Plaintiffs' Motion For Leave to File Reply to Defendants' Opposition to Plaintiffs' Motion For Partial Summary Judgment (Docket No. 63, filed June 24, 2005);

(27) Plaintiffs' and Third-Party Defendants' Reply to Defendants' "Opposition to Plaintiffs and Third-Party Defendants' Motion For Partial Summary Judgment" (Docket No. 65, filed July 5, 2005);

(28) Defendants' and Third-Party Plaintiffs' Motion to Strike Reply Brief (Docket No. 66, filed July 8, 2005);

(29) Defendants and Counterclaim-Plaintiffs' Letter in Response to Subject Matter Jurisdiction Inquiry (Docket No. 67, filed August 4, 2005); and

(30) Plaintiffs' and Third-Party Defendants' Memorandum of Law in Opposition to Court's Remand (Docket No. 68, filed August 8, 2005).

## II. Factual and Procedural Background

During a hearing held on July 27, 2005, I informed the parties that it appeared from the record that this case was improperly removed from state court based upon a federal question contained in a counterclaim, and that it was my belief that I lacked subject matter jurisdiction over the case and should remand it pursuant to the terms of 28 U.S.C. § 1447(c). I

provided the parties with citations to review and requested briefing on the necessity of remanding the case to state court. The parties had until August 8, 2005, to file any briefs. The defendants filed a letter on August 4, 2005 (Docket No. 67). In the letter, the defendants essentially concede that the case was improperly removed and should be remanded to state court. Although the plaintiffs and third-party defendants indicated during the hearing that they did not desire to be in federal court, they submitted a filing on August 8, 2005, opposing remand (Docket No. 68). The matter is now ready for ruling.

### III. Analysis

Because I find that I should look only to an original plaintiff's complaint in determining whether I have subject matter jurisdiction over an already removed case and not to counterclaims or third-party claims, and because there is no ground for the exercise of subject matter jurisdiction over the original complaint in this case, I will order this case remanded to state court.

Federal district courts are "courts of limited jurisdiction." See Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2616 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). For a federal district court to exercise jurisdiction, that exercise must be authorized by the "Constitution and statute." Id. at 2616–17. If a district court lacks jurisdiction over the subject matter of a case, then its only option is to dismiss the case if it was originally filed in federal court, see Mills v. State of Maine, 118 F.3d 37, 51 (1st Cir. 1997) (quoting Fed. R. Civ. P. 12(h)(3)), or remand the case pursuant to the terms of § 1447(c) if it was removed from state court.

As an initial matter, plaintiffs have significant control over where a case that could potentially be brought in federal court will be brought. Except where federal law grants exclusive jurisdiction over matters to federal courts or where there is a "disabling incompatibility between [a] federal claim and state-court adjudication," a plaintiff may bring any case in state court, even if that case is based exclusively on federal law. Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 477–78 (1981).

The ability of the plaintiff to choose a state court as the forum for a case is subject to a limited but important exception. Section 1446 of Chapter 28 of the United States Code provides defendants a mechanism to remove certain cases to federal court. Section 1446 states:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Id.  Congress has outlined, by statute, those cases that qualify for removal.  For the purposes of this case, the relevant grants of statutory removal authority are contained in 28 U.S.C. §§ 1441(a), (c), which state:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Id.

Although Congress allows for the removal of cases to federal court, it has also provided a mechanism by which a plaintiff can challenge the propriety of the removal.  Section 1447(c) of Chapter 28 of the United States Code establishes:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

Id.  The provisions of this section make clear that the failure to raise a timely motion to remand precludes the plaintiff from filing a later motion to remand unless the motion is based on a claim

that the court lacks subject matter jurisdiction. It also emphasizes the power of the district court to remand a case on its own initiative if subject matter jurisdiction is lacking.

In the First Circuit a federal court is "obliged to address the propriety of removal as a threshold matter even though neither party has raised a question in that regard." American Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1258 (1st Cir. 1993). This affirmative obligation may be limited to the issue of a court's subject matter jurisdiction, see In re Allstate Ins. Co., 8 F.3d 219 (5th Cir. 1993) (adopting the position that a district court lacks the power to remand a case *sua sponte* for procedural defects in the removal both before and after the lapse of the thirty-day time limit for bringing a motion to remand based upon procedural defects in the removal elapses), but since I base my decision on a lack of subject matter jurisdiction within the meaning of § 1447(c), I do not need to resolve this issue.

Turning to the merits of this case, I will first address the plaintiffs' argument that this case was properly removed. The plaintiffs contend that the RICO claim in the third-party complaint is a separate and independent claim or cause of action that falls under 28 U.S.C. § 1331 and is, therefore, properly removed pursuant to § 1441(c). There is a split among courts concerning whether § 1441(c) just refers to an original plaintiff's claims or includes third-party claims. See First Nat. Bank of Pulaski v. Curry, 301 F.3d 456, 463–67 (6th Cir. 2002). In the absence of controlling guidance from the Court of Appeals for the First Circuit, I find that § 1441(c) refers to only the original plaintiff's complaint, and I do so for two reasons. First, when courts analyze whether subject matter jurisdiction exists pursuant to § 1331, they apply the well-pleaded complaint rule. See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986). Under this rule, a court looks only to the original plaintiff's complaint, not to

9

counterclaims or third-party complaints. See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830–32 (2002) (counterclaims); Adkins v. Illinois Cent. R. Co., 326 F.3d 828, 835–36 (7th Cir. 2003) (third-party complaints). Second, removal statutes are to be construed narrowly, see Frankston v. Denniston, 376 F. Supp. 2d 35, 41 (D. Mass. 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941)). Therefore, the plaintiff's argument that the case was properly removed pursuant to § 1441(c) is not persuasive.

Since § 1441(c) does not create an independent ground for bringing this case within this court's subject matter jurisdiction, I turn to the question of whether it is acceptable to look to counterclaims and third-party claims to establish subject matter jurisdiction after a case has been removed and the thirty days for bringing procedural objections elapses. Because counterclaims and third-party claims are brought by parties other than the original plaintiff, I will treat them together for the purposes of this discussion.

When a plaintiff fails to timely file a motion to remand and a case proceeds to judgment, the question of subject matter jurisdiction is then governed by whether the case could have originally been brought in federal court at the time of judgment. See Grubbs v. General Electric Credit Corp., 405 U.S. 699, 702 (1972); Mackay v. Uinta Development Co., 229 U.S. 173 (1913); Farms Const. Services, Inc. v. Fudge, 831 F.2d 18, 22 (1st Cir. 1987); 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3739 (2005). In determining whether such jurisdiction exists after judgment is entered, the appeals court may be able to look beyond the initial complaint. See Mackay v. Uinta Development Co., 229 U.S. 173 (1913); Fax Telecommunicaciones Inc. v. AT&T, 138 F.3d 479, 487 n.6 (2nd Cir. 1998). This case has not

proceeded to judgment, however, so I must determine whether it is appropriate to look beyond the complaint before judgment has been entered.

Some courts hold that, after a plaintiff fails to timely raise a motion to remand, § 1447(c) allows the court to exercise subject matter jurisdiction if either the plaintiff's claim or the defendant's counterclaim would be sufficient to support the exercise of a court's original jurisdiction if that claim or counterclaim had been originally filed in federal court. See Baris v. Sulpicio Lines, Inc., 932 F.2d 1540 (5th Cir. 1991); Property Clerk v. Smith, 2000 WL 1725017 (S.D.N.Y. Nov. 17, 2000). The courts in Baris and Property Clerk essentially apply Mackay after the plaintiff fails to file a motion to remand during the thirty-day period provided by § 1447(c). Baris, 932 F.2d at 1544–45; Property Clerk, 2000 WL 1725017, at *2. Property Clerk also rested its holding upon the policy that "jurisdiction should not depend on who wins the race to the courthouse." 2000 WL 1725017, at *2.

The pertinent question for a district court is whether the term "subject matter jurisdiction" in § 1447(c) is to be read to refer to any claim, counterclaim, or third-party complaint that could have been originally brought in federal court, a standard similar to the one adopted by the courts in Baris and Property Clerk, or is instead to be read to refer to any case that a federal district court could have originally exercised jurisdiction over if it had been filed by the original plaintiff in federal court. I reject the notion adopted by Baris and Property Clerk that a court can look to counterclaims and third-party complaints to establish subject matter jurisdiction because it is "clear that the right to secure a remand of the action to state court when there is not federal subject matter jurisdiction basis for removing the action to a federal court cannot be waived by either party." See 14A C. Wright, A. Miller & E. Cooper, Federal Practice and

Procedure § 3739 (2005); see also Sovereign Bank v. Bowditch Boat Holdings, LLC, 376 F. Supp. 2d 3 (D. Mass. 2005) (Gorton, J.) (raising the issue of removal jurisdiction sua sponte while hearing a motion for summary judgment and applying the "well-pleaded complaint rule" to the question of federal question jurisdiction); Alshrafi v. American Airlines, Inc., 321 F. Supp. 2d 150 (D. Mass. 2004) (Young, C.J.) (same).

Because Property Clerk found the decision of the Court of Appeals for the Fifth Circuit in Baris persuasive on this issue, I will focus my analysis on Baris. Baris based its holding that it was appropriate to look to counterclaims upon its interpretation of the terms "procedural defect" and "subject matter jurisdiction" contained in the version of § 1447(c) that was enacted in 1988. That version of § 1447(c) required that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under [28 U.S.C.] § 1446(a)." 932 F.2d at 1543 n.4. Baris concluded that any requirement of the removal statute that would not preclude a case from being originally brought in federal court amounts to a "procedural defect." Id. at 1544. Baris also adopted Mackay's analysis of whether a case could have originally been brought in federal court and held that a district court should look to claims or counterclaims to find subject matter jurisdiction. Id. at 1545. In arriving at its conclusion, Baris used the following analysis: (1) original subject matter jurisdiction and removal jurisdiction are different, (2) Congress is aware of the difference, and (3) if Congress intended to allow a party to raise removal jurisdiction, it would have said so specifically. Id. at 1544–45.

Baris adopts one plausible interpretation of the term "subject matter jurisdiction," but it does not account for the fact that removal jurisdiction, at least in some circumstances, is viewed as a species of subject matter jurisdiction. See Cogdell v. Wyeth, 366 F.3d 1245, 1248

(11th Cir. 2004) (noting that when original jurisdiction is lacking as required by § 1441, a district court's remand decision is not reviewable on appeal because the decision is based upon a lack of subject matter jurisdiction); see also Federal Practice and Procedure § 3721 ("Removal is quite an anomalous form of subject matter jurisdiction."). Thus, it is entirely plausible to construe the term "subject matter jurisdiction" as it appears in both the 1988 and present versions of § 1447(c) as including removal jurisdiction insofar as it concerns whether the district court has original jurisdiction as required by § 1441(a). See Cogdell, 366 F.3d at 1248. The Supreme Court may have supported this construction of the term "subject matter jurisdiction" in the case of Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 392 (1998) (noting that "the section differentiates between removals that are defective because of a lack of subject-matter jurisdiction and removals that are defective for some other reason, *e.g.*, because the removal took place after relevant time limits had expired").

        Although the language of the Supreme Court in Wisconsin Department of Corrections is ambiguous and, thus, does not *compel* me to reject Baris, it does, when considered in conjunction with the maxim that between two plausible constructions of a removal statute a court should adopt the narrower one, see Frankston v. Denniston, 376 F. Supp. 2d at 41 (D. Mass. 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. at 108–09), convince me to reject Baris. Between Baris and Cogdell, I am presented with two plausible interpretations of the term "subject matter jurisdiction" as it is used in § 1447(c): (1) subject matter jurisdiction exists when, irrespective of party alignment at the time a case was filed, some ground for original subject matter jurisdiction exists over any claim or counterclaim after the case is removed, or (2) subject matter jurisdiction exists when, at the time of removal and given the party alignment when

the case was filed in state court, a federal court would have original jurisdiction to hear the case. The second construction is narrower because it does not expand traditional jurisdictional requirements such as the "well-pleaded complaint" rule. Therefore, I will adopt the second rule.

Property Clerk's appeal to the policy that "jurisdiction should not depend on who wins the race to the courthouse," 2000 WL 1725017, at *2, does not convince me otherwise. Although this is an important consideration, it is up to Congress to weigh that consideration and reflect it in the removal statute. Once Congress has outlined the scope of a district court's jurisdiction, it is then the duty of the district court to adhere strictly to its boundaries. See Frankston, 376 F. Supp. 2d at 41 (citing Shamrock Oil & Gas Corp., 313 U.S. at 108–09).

As noted above, a case is removable whenever a court would have original jurisdiction over a case. See 28 U.S.C. § 1441(a). Congress has authorized federal district courts to hear cases in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see Exxon, 125 S.Ct. at 2617. "[T]he question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharmaceuticals Inc., 478 U.S. at 808. Under the well-pleaded complaint rule, a defense that raises a federal issue or a counterclaim based upon federal law is insufficient to support a federal district court's exercise of jurisdiction over a case. See Holmes Group, Inc., 535 U.S. at 830–32. This analysis extends to third-party complaints so that, under the well-pleaded complaint rule, a third-party complaint that raises a federal claim is not sufficient to create subject matter jurisdiction. See Adkins, 326 F.3d at 835–36. Therefore, even though the plaintiffs failed to object to the removal of this case and over thirty days have elapsed since the notice of removal was filed, I will remand this case to state court because I lack subject matter

jurisdiction within the meaning of § 1447(c).  See Sovereign Bank, 367 F. Supp. 2d 3; Alshrafi, 321 F. Supp. 2d 150.

## ORDER

For the foregoing reasons, it is ORDERED:

This case is REMANDED to the Massachusetts Superior Court sitting in and for the County of Suffolk for lack of federal subject matter jurisdiction.

                                        _____/s/Robert E. Keeton_____
                                        Robert E. Keeton
                                        Senior United States District Judge